# THE PRESIDENT AND BOARD OF TRUSTEES OF THE TOWN OF HARVARD

## v.

## ANNA SENGER.

*Municipal Corporations—Personal Injuries—Fall upon Sidewalk—Responsibility of Town for Walk at Point Where Building is Being Erected—Contributory Negligence—Evidence—Instructions.*

1.   Every one is bound to take notice of the fact that the street and sidewalk in front of buildings in process of erection, are more or less obstructed by building material and grading and excavating.   These obstructions being unavoidable, the public must submit to some inconvenience and use a higher degree of care in using streets and walks so torn up or obstructed.

2.   Where the evidence shows that the walk in question was four or five feet wide and smooth and level, evidence that the injury resulted from plaintiff's falling over a random brickbat or stone, which might have been thrown or dropped upon the walk at any time without the agency of the city, is insufficient to render it liable.

3.   A city is not bound to keep its whole street fit and safe for foot passengers.   When it has provided a reasonably safe sidewalk for persons to walk upon, wide enough for that purpose, it has discharged its whole duty in that regard.

4.   The action of the court below, as to instructing the jury, having been inconsistent with the above principles, was erroneous, and in view of the evidence this court holds that the judgment in behalf of the plaintiff can not stand.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of McHenry County; the Hon. CHARLES KELLUM, Judge, presiding.

224　　Appellate Courts of Illinois.

Vol. 34.]　President, etc., of the Town of Harvard v. Senger.

Messrs. John B. Lyon and A. W. Young, for appellants.

Whether a given act is negligent or improper is to be determined by the surroundings and conditions existing at the time, and which were, or ought to have been known to the party sought to be charged. C., B. & Q. R. R. Co. v. Owen, 21 Ill. App. 339.

The walk was on a street in a city, not in the business part of it but rather in the outskirts, which localities have never been supposed to demand and certainly do not receive the same attention as more populous and busy localities, and it is right and just that this should be so. City of Chicago v. Martin, 49 Ill. 241.

The obstructions or defects in the streets or sidewalks of a city to make the corporation liable must be of such a nature that they are in themselves dangerous, or such that a person exercising ordinary prudence can not avoid danger or injury in passing them; in general, such defects as can not easily be detected. City of Aurora v. Pulfer, 56 Ill. 270.

" The court instructs the jury that if they believe from the evidence that Allin street was the nearest route from the shop where plaintiff's son worked, to his boarding house, then the plaintiff's son was not bound to travel another route even though he knew the sidewalk on Allin street was out of repair." Held, properly refused, as it is not the law. A party has no right to expose himself to danger and then recover damages for an injury which he might have avoided by the use of reasonable precaution. Lovinguth v. City of Bloomington, 71 Ill. 238; Centralia v. Krouse, 64 Ill. 19.

We are not prepared to hold that a city is under any obligation to keep the driveway of a street longitudinally in a fit and safe condition for pedestrians. City of Aurora v. Helliman, 90 Ill. 161.

A person is guilty of contributory negligence who goes into danger that by the exercise of ordinary care he might have discovered. City of Macomb v. Smithers, 6 Ill. App. 470; City of Quincy v. Barker, 81 Ill. 300; City of El Paso v. Causey, 1 Ill. App. 531; City of Centralia v. Krouse, 64 Ill. 19; City of Aurora v. Pulfer, 56 Ill. 270.

Evidence of other accidents not admissible to show unsafe condition of sidewalk at time of accident. City of Aurora v. Brown, 12 Ill. App. 122; C., B. & Q. R. R. Co. v Lee, 60 Ill. 501; 1 Greenleaf on Ev., Sec. 52.

Where danger is known or apparent by ordinary observation or reasonably to be apprehended, proof of positive or special care to avoid it must be made to warrant a recovery. C., B. & Q. Ry. v. Olson, 12 Ill. App. 245; Village of Kewanee v. Depew, 80 Ill. 119.

A city is only bound to exercise reasonable care and diligence to see that its sidewalks are reasonably safe. City of Quincy v. Barker, 81 Ill. 300; City of Rockford v. Hildebrand, 61 Ill. 155; City of Chicago v. McGiven, 78 Ill. 347.

And it is only liable for defects when the authorities either know or by reasonable diligence ought to have known that they are out of repair and sufficient time has elapsed to remedy defects. City of Chicago v. McCarthy, 75 Ill. 602; Same v. Scholten, 75 Ill. 468.

In cases where there may be doubt if substantial justice has been done, each instruction of appellee must state the law correctly or there should be a reversal. Village of Warren v. Wright, 3 Ill. App. 602.

The existence of a step from a crossing to a sidewalk properly constructed is not a defect so as to render a city liable for accidents caused thereby to pedestrians. Shippee v. Village of Au Sable (Mich.), 32 N. W. Rep. 241; Miller v. City of St. Paul (Minn.), 36 N. W. Rep. 271; City of Plymouth v. Milner (Ind.), 20 N. E. Rep. 235.

In an action against the town the plaintiff must establish the specific defect alleged in order to recover; a general instruction that the plaintiff is entitled to recover if the walk was defective and the defendant had notice, is objectionable. Armstrong v. Town of Ackley (Iowa), 32 N. W. Rep. 180.

Plaintiff must allege and prove that the sidewalk on which the injury occurred was, at the time and place where the injury was sustained, controlled and treated by the town authorities as a public sidewalk and opened as such. Chapman v. Town of Milton (W. Va.), N. W. Rep. 22.

It is error to submit a case to the jury on the theory that the defective condition of the sidewalk for more than four weeks was the direct and proximate cause of accident, when it appears that the defect which caused the injury was a loose plank, put down but a few hours before the accident, prior to which time there had been no passable sidewalk for more than four weeks, it not appearing that the city officials had notice of the defect which caused the injury. Hiner v. City of Fond du Lac (Wis.), 36 N. W. Rep. 632; Sharman v. Town of Tama City (Iowa), 36 N. W. Rep. 776.

It is not the duty of a corporation to make its streets absolutely secure or to fully protect the public from injury. It is only the duty of a corporation to exercise ordinary care and prudence to accomplish such results. Town of Grayville v. Whitaker, 85 Ill. 439; City of Quincy v. Barker, 81 Ill. 300; City of Chicago v. Bixby, 84 Ill. 83; City of Macomb v. Smithers, 6 Ill. App. 407; Village of Warren v. Wright, 3 Ill. App. 602.

Messrs. FRANK SPITZER and C. P. BARNES, for appellee.

C. B. SMITH, J. This was an action in case brought by appellee against appellant to recover for injuries she received from falling upon one of the sidewalks of appellant in the night time. The declaration alleges that a certain portion of the sidewalk along the north side of Washington street opposite a lot owned by one Zschack, was permitted by the defendant to be torn up and to become filled up with loose boards, stones, stumps, brick-bats, etc., and so remained for a long time so as to become dangerous and unfit for use by persons going that way, and that while plaintiff was passing along and on the walk about ten o'clock in the night time, going to her home, using due care, she unavoidably stumbled and fell over some of those obstructions, breaking one of her legs below the knee, from which injury she was, for a long time, confined to her bed and suffered great pain, etc. She alleged the defendant guilty of negligence in allowing the walk to be torn up and remain in that condition without repairing it. The plea was not guilty.

A trial was had, resulting in a verdict for appellee for $1,500, upon which the court, after overruling a motion for a new trial, gave judgment for appellee against appellant. Appellant now brings the case here on appeal, and assigns for error that the verdict is against the evidence and the law, and that the court erred in the admission of evidence and in instructing the jury.

The material facts, as they appeared on the trial and are disclosed in this record, are substantially these:

In the spring and summer of 1886, Mr. Zschack was engaged in building a house on his lot opposite the place where appellee was injured. In April, he was allowed to take up the board sidewalk in front of his lot and set it up out of the way for the purpose of enabling him to raise the grade of his lot, as well as the sidewalk, which seemed to be somewhat below the surrounding land. After this walk was taken up the grade of the lot was raised, and the place where the sidewalk had been, was filled up with gravel and cinders so as to raise its surface even with the level of the lots. At the time of the injury, the proof is overwhelming, that the whole length of the sidewalk which had been taken up was replaced with gravel and cinders, and that the top of the walk was dressed or covered with cinders and that the walk was about four feet wide and smooth, free from holes or obstructions of any kind, except the ordinary size of cinders and small loose gravel stones, which was a part of the gravel used in grading the lot and making the bed of the walk. At the corner of the lot at the crossing of Jackson and Washington streets, near the corner of Zschack's lot, was a lamp-post with two arms, the lamps upon which were burning on the night of the accident and right on the line of the walk, and but a rod from where plaintiff fell and was hurt. At the point where appellee stepped from the street crossing to the sidewalk there is a step down from four to six inches to the level of the walk. Outside of the line of the walk there had been stones and bricks and lumber piled during the progress of building the house and occasionally a brick-bat or small stone would get on this walk when they were carried over it to the

228　　Appellate Courts of Illinois.

Vol. 34.]　President, etc., of the Town of Harvard v. Senger.

house, but the building material was not piled on the line of the walk nor permitted to remain there by the builders. While some of the witnesses testify that at some times before the accident they saw the sidewalk covered with stones and brick and lumber and saw them piled up on the line of the walk, yet the great weight of the evidence is the other way, and to the effect that this walk was kept reasonably clear and safe for everybody to walk upon.

On the night of July 26, 1886, appellee, in company with her little girl, was going home from a neighbor's about ten o'clock, where she had been spending the evening, and as she swears, stepped, as she thought, and tripped her foot against something, and stumbled, and her foot got onto a stone or something of that kind, and her foot doubled under and she fell and broke her leg.

She says she saw no obstruction in the walk; her husband, who came for her to assist her home, does not speak of seeing anything upon the walk that night, although he testifies to seeing stones and brick scattered around there next morning, and in response to a leading question of counsel, he says that such stones and brick-bats were on the walk. When appellee fell she says she was only five or six steps from the corner where the lamp was burning. She says she had not been along that walk before that spring.

This house and those lumber piles, stone, brick and the usual materials used in the erection of the house were in plain sight of her house all summer. She lived on the block next to the one where the accident occurred. She herself admits the street lamp was lighted and burning, though dimly, and she says within a rod of where she stumbled and fell. From her own testimony it is very doubtful whether she was using that degree of care necessary to enable her to recover even if the city had been guilty of negligence. There is not a shadow of proof in this record that there was any obstruction on this sidewalk except a few loose brick-bats and some small stones not larger than a man's hand, and the great preponderance of proof is that not even these obstructions were there. At most they were only such obstructions as might be there one

hour and off the next.   Nor is there any proof that the city put them there or knew they were there or allowed them to remain there.   They were at most of the most temporary character as well as the most harmless, and only such at all events as would be likely to get on a walk where buildings are being erected, without any fault of the city.  Every one is bound to know and take notice of the fact that the street, as well as the sidewalk in front of new buildings in process of erection, is to a greater or less extent obstructed with the building material while grading and excavating.   These hinderances and obstructions are unavoidable in cities and towns, and the public must submit to some inconvenience and must use a higher degree of care when going about obstructed places and using streets and walks which they know to be torn up and unsafe, than they use when going upon walks where no such obstructions are necessary or exist.

There was no kind of necessity of appellant going along that place at ten o'clock at night where she had seen these piles of lumber, brick, stones, etc., all summer.   It appears that she had used another walk all summer.   She says it was a dark night and she could not see where she was walking. If this were so, then there was the greater necessity for her to take a more familiar sidewalk and keep away from what she now insists was a dangerous walk, made so from the very obstructions which she must have known were there and which she, herself, testifies were there, if in fact, that be so.

There is an entire absence of any proof in this record that the city or any of its officers were guilty of any want of care or attention to this walk or that they had knowledge of any unsafe or dangerous obstruction on the walk, or that any obstructions at all were there for such a length of time as to charge the city with notice of their existence.   We think the proof not sufficient to charge a city for an injury resulting from falling over a random brick-bat or rock which may roll or be thrown or dropped on a walk at any moment without any agency of the city and when the walk itself is reasonably safe. It is not enough to show that appellant sustained an injury alone, but she must also show that it was through the neglect

230 APPELLATE COURTS OF ILLINOIS.

VOL. 34.] President, etc., of the Town of Harvard v. Senger.

or wrongful conduct of the city. The walk was at least four feet wide, smooth and level. The city had its lamp burning within a rod of where appellant fell. What more could or ought the city to have done ? We think the evidence entirely fails to show the city liable for this accident to appellee, and that the verdict has really no evidence at all in its support upon the material question of the neglect of the city.

It is further assigned for error that the court allowed several witnesses to testify as to the condition of the street outside and near to the line of the sidewalk against the objections of appellant. These witnesses testified that there were piles of lumber, wood, stone, brick, stumps and brush along outside of the walk. A good deal of prominence was given to this kind of evidence before the jury. In connection with this evidence, the court in its fourth instruction told the jury that it was the duty of the city, as a matter of law, to keep its *streets* and *walks* in a reasonably safe condition for travel by day and night. The testimony in relation to the street taken in connection with his instruction could have but one effect, and that was to induce in the minds of the jury the belief that the city was guilty of negligence in allowing these obstructions in the street outside the line of the sidewalk; and this instruction and this evidence was all the more mischievous because it was not at all certain that appellee fell on the sidewalk. The city was not bound to keep its whole street fit and safe for foot passengers. When the city provided a reasonably safe sidewalk for persons to walk upon, wide enough for that purpose, it had discharged its whole duty in that regard.

In the city of Aurora v. Hillman, 90 Ill. 61, the Supreme Court say : " We are not prepared to hold that a pedestrian has an equal right with one who drives a carriage to travel in and along the driveway of a public street, or that the city is under any obligation to keep such driveway longitudinally in a fit and safe condition for pedestrians."

We know of no law that requires a city to do more than that.

The evidence and instruction complained of could have no

other effect than to lead the mind of the jury from the real question they were trying, to an immaterial issue. It was error to admit that class of evidence and to give the instruction relating to the duty of the city regarding the street as distinct from the sidewalk.

On the trial the defendant asked and the court refused to give the jury the 11th, 12th, 13th and 14th instructions.

These instructions were as follows:

"11.   The court instructs the jury as a matter of law, that the obstructions or defects in a street or sidewalk which will render a corporation liable for an accident occurring therefrom, must be of such a nature that they are in themselves dangerous, or such that a person exercising ordinary prudence can not avoid danger or injury in passing them; in general, such defects as can not readily be detected. Therefore, although the jury may and do believe from the evidence that there were some obstructions on the sidewalk at the time of the occurrence of the injury complained of, yet, if they were not in themselves dangerous or such as could not be readily detected, then the jury will find the defendant not guilty.

12.   The jury are instructed that a city or town is under no obligations to keep the driveway or space between the outer edges of the opposite sidewalks of a street, longitudinally, in a safe and fit condition for pedestrians; and it is the duty of persons passing on foot along such streets, to avoid injury, to pass upon the sidewalk; and if such person in passing along such driveway, is injured by an obstruction therein, he can not recover for such injury unless such obstruction were wilfully or recklessly placed or allowed to remain therein by such city; and in this case, if the jury believe from the evidence that the plaintiff at the time she received the injury complained of, was passing or attempting to pass along such driveway longitudinally, and not upon a street crossing, that there was a reasonably safe passageway along the place intended for and formerly used for a sidewalk, which she, by the exercise of ordinary care and caution, could have safely passed over, and that she received the injury complained of while on said driveway, from an obstruction, not wilfully or recklessly

232    APPELLATE COURTS OF ILLINOIS.

VOL. 34.]    President, etc., of the Town of Harvard v. Senger.

placed or allowed to remain therein by the defendant, then the plaintiff can not recover in this action.

13. The jury are instructed that if they believe from the evidence that the place where the accident occurred to the defendant was more dangerous than ordinary sidewalks, and that the plaintiff knew of such condition, then she was bound to use more than ordinary care and diligence to avoid accident; and if in such case she failed to use such care and diligence in proportion to the danger, she can not recover.

14. The jury are instructed that before the plaintiff can recover in this case she is bound to prove affirmatively, not only that the defendant was guilty of negligence, but she must affirmatively prove that she was using, at the time of the accident, all the care and diligence that a reasonable person would ordinarily use in passing a place of that description. That in this case the burden of proof is not on the defendant to prove want of care and caution in passing, but upon the plaintiff to prove that she did pass with such care and caution."

No other instructions were given covering the same proposition. We think these instructions were all applicable to the case, and contained correct propositions of law and should have been given to the jury. The rule stated in the 11th instruction is expressly recognized and held to be the law in the city of Aurora v. Pulfer, 56 Ill. 270.

The 12th instruction announces a rule directly the reverse of the one in the 4th instruction given for the plaintiff, and which we have before said, was erroneous. Under the authority of the City of Aurora v. Hillman, 90 Ill. 61, *supra*, the 12th instruction should have been given and it was error to refuse it.

The 13th and 14th instructions contain elementary principles under the law of negligence, and we think state the law correctly, and we can see no reason why they should have been refused. They should have been given and it was error to refuse them. For the errors above indicated the judgment will be reversed, but inasmuch as this record clearly discloses the fact that the plaintiff has no cause of action, the cause will not be remanded.

*Judgment reversed.*