# CASES

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—AUGUST TERM, 1897.

## City of East St. Louis v. Cornelius Dougherty.

1. CONTRIBUTORY NEGLIGENCE—*What is Not.*—A person can not be said to be guilty of such contributory negligence as will prevent a recovery, who, knowing the only sidewalk on a narrow street of a city to be in a dangerous condition and a portion of the street to be in a reasonably safe condition for travel, deliberately chooses, on a dark night, to take the street for the purpose of avoiding almost certain injury on the walk, and is injured by falling into a dangerous place in the street.

2. ERROR—*What a Party Can Not Assign.*—A party can not be allowed to successfully invoke the aid of a rule of law and then complain when his opponent asks for and secures the aid of the same rule, whether it be erroneous or not.

3. EXCESSIVE DAMAGES—*$3,000 for the Loss of an Eye.*—For the loss of an eye by a locomotive engineer, as a result of negligence on the part of a city to keep its street in a reasonably safe condition for travel, $3,000 is not an excessive assessment of damages, as the injury disqualifies him from pursuing his usual avocation.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

### STATEMENT OF THE CASE.

This is an action on the case, begun in 1889, in the City Court of East St. Louis, by appellee against appellant, to

recover damages for injuries alleged to have been received by appellee, in October, 1888, in consequence of the negligence of the city in failing to keep a certain street of the city, known as Pratte avenue, in a reasonably safe condition for travel. The venue of the case was changed, by agreement, first to the City Court of Alton, and afterward to the Circuit Court of St. Clair County, where a trial was had at the September term, 1896, and appellee recovered a judgment for $3,000 damages against the city, and it brings the case here by appeal. The facts necessary to a proper understanding of the questions raised are stated in the opinion.

W. H. BENNETT, city attorney, for appellant.

The city is not bound to keep its whole street fit and safe for foot passengers; it is not bound to keep the driveway in a fit and safe condition for pedestrians. President, etc., of the Town of Harvard v. Senger, 34 Ill. App. 223; City of Aurora v. Hillman, 90 Ill. 61.

A person is guilty of contributory negligence who goes into danger that by the exercise of ordinary care he might have discovered. City of Macomb v. Smithers, 6 Ill. App. 470; City of Quincy v. Barker, 81 Ill. 300; City of Centralia v. Krouse, 64 Ill. 19; City of Aurora v. Pulfer, 56 Ill. 270.

Where danger is known or apparent by ordinary observation, or reasonably to be apprehended, proof of positive or special care to avoid it must be made to warrant a recovery. Chicago, B. & Q. Ry. v. Olson, 12 Ill. App. 245; Village of Kewanee v. Depew, 80 Ill. 119.

A. FLANNIGEN and L. H. HITE, attorneys for appellee.

MR. JUSTICE BIGELOW DELIVERED THE OPINION OF THE COURT.

By the errors assigned, appellant insists that the judgment of the Circuit Court should be reversed, for three reasons: First, because appellee was guilty of negligence which materially contributed to the injury complained of;

second, because the court, at the request of the plaintiff, gave to the jury an improper instruction; third, because the damages assessed by the jury, for which the court rendered judgment, are excessive.

Pratte avenue, a street of the city of East St. Louis, is sixty feet in width, and runs about east and west. On the south side of the street, at the time the accident occurred, was a plank sidewalk, built up some distance from the ground, the inside next to the lots being from four to six feet in height, and the outside next to the street less than half that distance, on account of the filling in of the street.

The great burden of the evidence is, that for a considerable period of time before, as well as at the time of the accident, this sidewalk was in very bad condition, and unsafe for travel. A section of it ten or twelve feet in length had been removed for a long time, to allow teams to pass to a mill on an adjoining lot, in hauling cinders, and had never been restored.

In the street, and near the north side, was a bridge or platform, built on trestle work, years before, which had been covered with plank, and was formerly used by coal men and teamsters in loading coal from a coal yard, but for some years prior to 1888, it had remained unused for any purpose.

The open space of this trestle work had been partially filled up, the stringers had decayed, the planks were loose and broken, and it was generally in a dilapidated condition for several years prior to 1888.

Between this bridge and the sidewalk, covering the space of twenty-five or thirty feet, was a hard road-bed for teams. There were no lamps on the street.

Appellee was reasonably familiar with the street and sidewalk, but not familiar with the bridge or platform, and testifies he was trying to keep away from it when he was injured. He was about forty-two years of age, a railroad man, having been both fireman and engineer, and his boardinghouse, where he had boarded for some time, was on "A" street, about four hundred feet south of Pratte avenue.

Early in the evening of October 29, 1888, appellee started

from his boarding house to go to a store in another part of the city, to purchase some clothing, but the evening becoming dark before he arrived at the store, he concluded to return to his boarding place and await a more favorable time; and, on his return, knowing the dangerous condition of the sidewalk on Pratte avenue, he took the middle of the traveled portion of the street, and when near the bridge, or trestle work, he tripped or stumbled over some broken pieces of plank, and pitched into the trestle work and *debris* there, and, coming in contact with a piece of broken board or plank, one of his eyes was totally destroyed, and he was otherwise bruised and injured and unable to extricate himself from the mud, but his groans soon attracted the attention of some passing railroad men, who took him out, took him to his boarding place, where he was laid up, unable to do any labor for about eight months.

This is a mild statement of the facts as they appear in the record, and on them this court is asked to reverse the judgment of the Circuit Court, because of appellee's negligence, and the case of City of Aurora v. Hillman, 90 Ill. 61, also the case of Town of Harvard v. Senger, 34 Ill. App. 223, are relied on as authority for so doing.

The facts in neither of these cases are similar to the facts appearing in this record.    It is true, the Supreme Court said, in the first case, " We are not prepared to hold that a pedestrian has an equal right with one who drives a carriage, to travel in and along the driveway of a public street, or that the city is under any obligation to keep such driveway, longitudinally, in a fit and safe condition for pedestrians." It is also true that this language is quoted approvingly by the Appellate Court in the latter case.    In the Aurora case, one of the grounds on which appellant relied for a reversal of the judgment was, that the plaintiff was guilty of contributory negligence, presumably because he knew the sidewalk on which he was injured was in a dangerous condition to travel upon, and hence it was his duty to have taken the traveled street, since the court immediately following what we have above quoted, further says: " We assuredly can

not hold appellee was guilty of negligence in not taking the middle of the street."

This case would be much like the Town of Harvard case had the sidewalk on the south side of Pratte avenue been in a reasonably safe condition for travel, and a street lamp had been burning near the place where appellee was injured; but since neither fact existed, we fail to see wherein that case is any authority for a reversal of the judgment in this case.

We are not prepared to hold that where a person, knowing the only sidewalk on a narrow street of a city is in a dangerous condition, and a portion of the street is in a reasonably safe condition for travel, deliberately chooses in a dark night to travel on the street, for the purpose of avoiding almost certain injury, and is injured by falling into a dangerous place encroaching on one side of the traveled part of the street, that has been there for years, and no lamp is there to warn him of danger, that the person is guilty of such contributory negligence as will prevent a recovery for such injury.

The instruction complained of is as follows: " 2. The court instructs the jury that if you believe from the evidence that the plaintiff, while passing along Pratte street, one of the streets of said city, was injured, as alleged in the declaration, and that the injury would not have happened to him if the said street had been in reasonably good repair and safe condition, then the defendant is liable for such injury, provided the jury believe from the evidence that the plaintiff was exercising all due care and caution to avoid injury while passing over said street, and that the city did not use reasonable care to keep said street in 'reasonably safe repair and condition."

The portion of the instruction claimed to be erroneous, consists of the words, " if the said street had been in reasonably good repair and safe condition," and it is contended that the jury understood them as meaning that the street was not in "reasonably good repair and safe condition." The instruction contains but one paragraph, which should

all be read together, and when this is done the objection would seem to be removed; but whether it is or not, appellant is in no condition to complain, as appellant's counsel asked, and the court gave to the jury, the following instruction : " To recover in an action of this character the party injured should be free from contributory negligence, viz. : If he knew, or in the exercise of reasonable care and caution might have known, of the defect or obstruction, and could, or ought reasonably to have avoided it by going outside or around it, and did not, then he can not recover for any injury which he may sustain."

This instruction, as will readily be seen, contains the same fault (if it be a fault) that appellant complained of. A party can not be allowed to successfully invoke the aid of a rule of law, and then complain when his opponent asks for and secures the aid of the same rule, whether it be erroneous or not.

Another and sufficient answer to the objection that plaintiff's instruction harmed the defendant is, that the fact claimed to be assumed in it was not contested before the jury. Defendant called but two witnesses, and neither testified a word concerning the trestle work, hence the instruction, if faulty, did no harm. Miller et al. v. Kirby, 74 Ill. 242.

Appellant's counsel insist that the damages should be " compensatory only," meaning, we suppose, compensation for his financial loss. Without stopping to inquire if this rule is the correct one to be applied to a case like this, it is sufficient to observe that when we take into consideration the fact that by the loss of an eye appellee was forever disqualified from running a locomotive again, and so deprived of earning much larger wages than he can expect to receive in any other calling, also the fact that he was totally disqualified for the period of eight months from doing any labor and had a doctor's bill to pay, and the still further fact that (for some reason unknown to us) nearly eight years elapsed from the time the suit was begun until the trial of it, which on account of the loss of the use of the money, ren-

dered the judgment when recovered of much less value than it would have been had the case been promptly tried, we can not say that the jury did not take the same view of the mode of computing the damages that the counsel does.

We do not think the damages excessive, and as the record contains no error of which appellant has any reason to complain, the judgment of the Circuit Court is affirmed.