THE CITY OF OTTAWA
*v.*
JANE SPENCER *et al.*

40   211
30a  655
40   211
130  578
40   211
133  468
40   211
143   98

1.   SPECIAL ASSESSMENTS *for building sidewalks — in what proportion property owners liable.* An assessment for the grading and paving of a street, made on the basis of the frontage of lots upon the street to be improved, was held, in the case of *The City of Chicago* v. *Larned et al.*, 34 Ill. 203, to be invalid, as containing neither the element of equality nor uniformity, if made under the taxing power, and equally invalid if in the exercise of the right of eminent domain, no compensation being provided.

2.   There exists no power under our Constitution to apportion taxes, whether of a general or local character, except on the principles of equality and uniformity.

3.   In public improvements of such character, which concern the whole public, there should be assessed to each lot the special benefits it will derive therefrom, if there be any, charging such benefit on the lots, the residue of the cost to be paid by equal and uniform taxation.

4.   These principles apply equally to assessments for building sidewalks as to those for the grading and paving of streets. So that an assessment for building a sidewalk on the basis of the exclusive liability of the owners of the adjacent lots for the cost of the improvement, according to the frontage of the lots thereon, is invalid, and such portion of a city charter as authorizes an assessment upon that principle, is in violation of the Constitution.

5.   The expense of constructing a sidewalk in front of a city lot, it being a public improvement, like the paving and grading of the street, should not be assessed on property in proportion to the frontage, but should be assessed upon all of the property benefited by the improvement, in proportion to the benefit thus received; the Constitution requires such burdens to be ratably borne.

WRIT OF ERROR to the County Court of La Salle county; the Hon. P. K. LELAND, Judge, presiding.

This case arose upon an application to the County Court of La Salle county by the city of Ottawa for a judgment against certain lots in said city belonging to Jane Spencer, Eliza Spencer, John McCarty and John Pursley. The city sought, by such proceedings, to recover the cost of certain sidewalks, which had been ordered by the council, but which these defendants did not build, and they were afterward built by the city. The application was based on the following proceedings:

On the 22d day of August, 1865, the city council of the city of Ottawa ordered " that a sidewalk on the north side of Superior street in said city, in front of lots numbered 17, 18, 19, 20, 21, 22, 23, 24 and 25, in block 29, and lots 6, 7, 8, 9 and 10, in block 30, in the State's addition to the city of Ottawa, be constructed in accordance with the city ordinances."

This order was based on section ten, article eight, of the city charter, which is quoted in full in the opinion of the court. The city ordinances referred to in this order require the owners of lots fronting on said line of sidewalk, within thirty days after publication of notice of such an order, to comply with the same. Such a notice was published 21st October, 1865.

The ordinances further provide that the street and alley committee, after the expiration of the thirty days, shall cause the sidewalks to be built, and, after " the same shall have been completed, they shall report the same to the city council, giving the amount chargeable to each block, lot, or part of lot, respectively, as their due proportion of the expense of constructing said sidewalk in front of said block, lot, or part of lot, respectively. Thereupon the city council shall proceed to assess the amount so reported as aforesaid, together with all costs that may accrue thereon, as a charge or assessment upon the block, lot, or part of lot, in front or adjacent to which said sidewalk shall have been so constructed; and the mayor shall issue his warrant, countersigned by the city clerk, under the seal of the city, for the collection thereof, returnable within thirty days thereafter."

The street and alley committee caused the sidewalks to be built in front of the lots above named. On the 19th of December, 1865, that committee reported their action to the council, specifying the expense chargeable upon each lot, respectively, in amounts varying from fifteen to twenty-five dollars. The report was received, and, on the same day, this order was passed: " Ordered that the several sums of money set opposite to the respective lots above described in the report of the street and alley committee be, and the same are, hereby respectively assessed upon the said lots to defray the expense of the sidewalk

caused to be constructed by said street and alley committee, and that a warrant be issued for the collection of said amounts, returnable in thirty days from the date thereof."

The warrant was issued 20th January, 1866. It was returned 19th February, 1866, satisfied as to all except lots 17, 18, 19 and 20, in block 29, and lots 6, 7, 8 and 9, in block 30; and the return stated that the collector found no goods or chattels on which to levy or make the amounts due on said lots. Under the other ordinances of the city it then became the duty of the city collector " to apply to the County Court of La Salle county, at any regular term thereof, and cause judgment to be entered in said court against said lot or real estate for the amount of such assessment and costs." This ordinance was passed to carry into effect "An act to amend the charter of the several towns and cities in this State," approved 1st March, 1854. Laws of 1854, p. 22.

In pursuance of this ordinance, the city collector made this application for a judgment on the 5th day of March, 1866. The defendants in this writ of error appeared by counsel, and filed their objections to the entry of a judgment. The case was tried by the court. The application for a judgment against the lots was refused, and a judgment was rendered against the city for costs. Thereupon the city of Ottawa excepted to the decision, and prosecutes this writ of error.

Messrs. DICKEY, RICE and LEWIS, for the plaintiffs in error.

Mr. F. F. BROWER and Mr. D. P. JONES, for the defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an application for a judgment against certain city lots, for the amount of expenses incurred in constructing sidewalks in front thereof and assessed thereon, under the charter of the city. The proceeding was under the tenth section of article eight of the city charter. It declares that " all owners

or occupants in front or upon whose premises the city council shall order and direct sidewalks or private drains communicating with any main drain to be constructed, repaired, relaid or cleansed, shall make, repair, relay, or cleanse such sidewalk or private drain at their own cost or charge, in the manner and within the time prescribed by ordinance or otherwise; and if not done in the manner and within the time prescribed, the council may cause the same to be constructed, repaired, relaid or cleansed and assess the expense thereof, by an order to be entered in their proceedings, upon such lots respectively, and collect the same by warrant and sale of the premises, as provided by article nine of this charter, as near as may be. A suit may also be maintained against the owner or occupant of such premises, for the recovery of such expenses as for money paid and laid out to his use at his request."

The fifth section of chapter three of the city ordinances declares, that when deemed expedient to grade, plank, pave or flag any sidewalk, the owners of the property on the line of such sidewalk, or their legal representatives may petition the common council for the purpose. The sixth section declares, that when a petition shall be presented for constructing a sidewalk chargeable upon the property of any person, notice of the application shall be given of the time of presenting the same, to all persons who may become chargeable. The eighth section declares, that when the council shall order any sidewalk or part thereof to be graded, planked, paved or flagged, the city surveyor shall establish the grade therefor within ten days thereafter unless previously established. The ninth section declares, that if any owner of a lot shall fail or refuse to construct the sidewalk so ordered within the time limited, after the time has expired, it is made the duty of the street and alley committee to proceed immediately to let the construction thereof to the lowest responsible contractor, to be completed within thirty days.

The tenth section requires the committee, as soon as the work is completed, to report the same to the city council, with the amount chargeable to each block, lot or part of a lot

respectively, as their proportion of the expense of constructing such sidewalk in front of such block, lot or part of lot; and the common council is required to assess the amount so reported, together with all costs that may accrue thereon, on the block, lot or part of a lot in front of which the sidewalk was constructed; and the mayor is required to issue his warrant, countersigned by the city clerk, under the seal of the city, for the collection of such assessment, returnable within thirty days thereafter. Section eleven provides for the mode of proceeding against any delinquent lot or block.

An order for the construction of the sidewalk was made, but the owners or occupants of the lots in front of which it was required, failed within the time limited to make the walk. It was then constructed by the city, and the expense reported to the common council, by whom it was assessed against the respective lots in front of which the walk was built. A warrant for its collection was issued and placed in the hands of the city collector, who returned it, no property found out of which to make the assessment. Notice was published by the collector that he would apply to the County Court of La Salle county, at the March Term, 1866, for a judgment against the several lots for the amount of the assessment, interest and costs, and for an order to sell the several lots for the amount assessed against them. At the return term of the court, defendants appeared, filed exceptions to the proceedings, and resisted the rendition of a judgment and order of sale of the lots for the amount of the assessments. On a hearing, the court allowed the objections, and refused to render a judgment and order of sale of the lots. To reverse the judgment the city prosecutes this writ of error.

Objections are urged against the proceedings for want of sufficient notices and for other irregularities in the proceedings, but in the view we take of the case, we deem it unnecessary to consider these objections. We shall only consider the question whether the assessment, as made under the city charter and the ordinances, are warranted by our Constitution. In the case of *Larned* v. *The City of Chicago*, 34 Ill. 203, it was held

that the expense of grading and paving a street in front of a lot could not be assessed on the property in proportion to the frontage, but being a public improvement, it should be assessed upon all of the property benefited by the improvement, and in proportion to the benefit thus received, as the Constitution requires such burdens to be ratably borne. That the assessment, in proportion to the length of the front of lots, was, if in the nature of a tax, in violation of the requirement that taxation shall be based on valuation, and if it was an attempted exercise of the right of eminent domain, it failed to make compensation for the property appropriated to public use.

In this case, however, it is insisted that a distinction exists between the cases; that, in the case of *Larned* v. *City of Chicago*, it was for paving the street with what is known as "Nicholson pavement," which is highly expensive, while, in this case, it is simply for laying a board sidewalk, which is not expensive; that this improvement is directly beneficial to the owner, and incidentally so to the other inhabitants of the city, while the grading and paving the street itself is of public benefit, incidentally benefiting the owner whose property fronts upon the improvement. There is undeniably a distinction in the facts of the two cases, but we can see no difference in the principle governing them. In either case, the owner of the property fronting on the improvement may use and enjoy the benefits of the improvement in common with all other persons. In the one case, as in the other, the improvement is made for the benefit of the public. All may use and enjoy it alike. In neither case has the owner of property fronting on the improvement any exclusive or greater right in the improvement than has any other individual in community.

Nor do we see that the question of expense can make any difference in principle. In this case it may be of much less expense to lay the walk than to pave the street; but cases might occur where the grading or erection of a sidewalk would be more expensive than paving the same length of the street at some other point. It might require an expensive fill with supporting walls, or an expensive bridge to bring it to grade, or it

might require an expensive excavation with supporting walls on the side to reduce it to grade. Such improvements might be more expensive than paving the same length of street, and, instead of being an individual benefit to the owner, it might, in other respects than the cost of the improvement itself, be a great inconvenience. We can, therefore, make no distinction in the application of the principle, for these reasons.

It is also urged that this may be referred to the police power of the State, which has been delegated to the city, and may, therefore, be properly exercised. And, in support of the proposition, we are referred to the decisions of the Supreme Court of Tennessee: *Mayberry* v. *The Mayor and Aldermen of Nashville*, 6 Humph. 373; *Washington* v. *The Mayor and Aldermen of Nashville*, 1 Swan, 177; *White* v. *The Mayor and Aldermen of Nashville*, 2 id. 364. These cases go to the length of sustaining the doctrine contended for by plaintiffs in error. They announce the doctrine that such improvements may be compelled under the general police power. If this be so, by an exercise of the same power, we presume that the owner could be compelled to construct and keep in repair public roads, bridges and culverts fronting upon or running through his lands; or the owner of a city or village lot could be compelled to make and repair the street in front of his property. A sidewalk is a portion of a public highway, appropriated, it is true, to pedestrians alone, but still open and free to all persons desiring to use and enjoy it as a public highway. It is as much a public highway in the mode of its use as the street itself. The difference in the manner of their use does not render one more public than the other. They are both free to be properly used and enjoyed by the entire public, and are constructed alike for their use.

That the legislature may afford the necessary power of constructing such improvements, so essentially necessary to the comfort and convenience of the community, is apparent. But, under our Constitution, we think the mode authorized in this case is not sanctioned, and that the principles announced in the

case of *Larned* v. *The City of Chicago* fully govern and control this case.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*