## THE CITY OF BLOOMINGTON

### *v.*

### JAMES M. BAY.

1. STREETS — *sidewalks a part of.* The streets of a city extend to and include that portion thereof occupied and used for sidewalks. The establishment of sidewalks is an act of the city authorities. The space occupied therefor is a part of the street as originally established. In a grant by the legislature of control over the streets of a city to the city authorities, control over the sidewalks passes to them, they being a part of the street.

2. SAME — *duty of city to repair sidewalks.* The streets of a city being under the control of the city authorities, imposes on the city the duty of keeping them in repair, and, as sidewalks are a part of the street, a like duty is imposed to keep them in repair.

3. DAMAGES — *injury from neglect of duty.* The rule is well settled, that, where a plain duty is neglected, and one is injured by such neglect, the party upon whom the duty is imposed is liable for the damages sustained. Thus, where an injury was sustained by reason of defect in a sidewalk, which it was the duty of the city to keep or have kept in repair, the city is liable in damages for accidental injury sustained by reason of such defect.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Messrs. WILLIAMS & BURR, for the plaintiff in error.

Messrs. TIPTON & BENJAMIN, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case brought in the McLean Circuit Court, by James M. Bay against the city of Bloomington, to recover damages for an injury alleged to have been occasioned to the plaintiff, by a defective sidewalk in that city.

The declaration contains five counts, the first alleging that the city, at the time when, etc., and previous thereto, was incorporated, and as such city had the right, under its charter, to build or cause to be built, sidewalks along its streets, to keep

the same in repair, etc., and that it did, prior to the 5th day of January, 1866, under and by virtue of its charter, take possession of, and control over, the sidewalk on the east side of East street, between Washington and Front streets, and that on the 9th day of January, 1866, a plank, a part of such sidewalk, was so loosely lying as to make it dangerous for persons to pass along and upon such sidewalk, and avers that the defendant, well knowing, etc., permitted it to remain so, and that on that day plaintiff was passing along such sidewalk with ordinary care, and was then and there necessarily and unavoidably thrown down by the raising of the loose plank above mentioned, and avers that his left wrist was put out of joint, and the large bone fractured, of which he became sick, lame, etc.

The second count is like the first, except it alleges that the place where the injury occurred was a public thoroughfare of the city, and that it was the duty of the city to keep the same safe, and in good order; and then alleges that a plank was loose, so as to make it dangerous, etc.

The third count alleges that the city, on the 27th day of March, 1852, caused this sidewalk, at the place where, etc., to be built, and continued to exercise control over it, until the time when, etc., and that it was the duty of the city to keep the same in repair, etc., averring negligence on the part of the city in not keeping it in repair.

The fourth count alleges that the defendant, before and at the time of the injury, had the care and control of East street, one of the public streets of the city of Bloomington, that there was a public sidewalk on the east side of that street, which the defendant ought to have repaired as often as need or occasion had been or required, so that all persons might safely, and without danger, pass on and along the sidewalk; that the sidewalk was out of repair, several of the boards thereof being loose, and not properly fastened to the same, to the great danger of all persons who might pass on and along the same; that the defendant, well knowing the premises, while it so had the care and control of such street, and while the sidewalk was so out of repair, on the 5th of January, 1866, carelessly

and wrongfully suffered and permitted the sidewalk to be and continue, and the same was out of repair, by means whereof the plaintiff, who was passing on and along the sidewalk, and exercising ordinary care for his personal safety, was caught and tripped by the raising of one end of the board, so loose and improperly fastened, the other end of the same board having been stepped upon by another person, passing on and along the sidewalk with ordinary care, and thereby the plaintiff was thrown upon the sidewalk, and his wrist fractured.

The fifth count is, substantially, like the fourth, with the additional averment that the city, while it had the care and control of the street, · built or caused to be built, the sidewalk, and thereby became bound by law to repair it, or cause it to be repaired.

The cause was tried by a jury, and a verdict rendered for the plaintiff for four hundred and twenty-five dollars. The defendant entered a motion for a new trial, whereupon the plaintiff remitted two hundred and twenty-five dollars of the verdict, and the court overruled the motion, and rendered judgment for the plaintiff for two hundred dollars, to all which the defendant excepted.

The cause is brought here by writ of error.

The errors assigned question the correctness of the decision overruling the motion for a new trial.

The evidence is all in the record, and fully warrants the finding of the jury, if a liability was established on the part of the city to keep their sidewalk in repair, which is the question now made here upon the record.

The counsel for the plaintiff in error insist there is no such liability upon the corporation, unless it is created by express statute, or under its charter, or from immemorial custom, and if any existed in this case, it must arise under the charter of the city.

It is insisted that the city charter places this liability upon the lot owners abutting the sidewalks.

The charter on this subject gives to the city authorities power to open, alter, abolish, widen, extend, establish, grade,

pave, or otherwise improve and keep in repair, streets, avenues, lanes, and alleys, and to require the owners of any lot or piece of ground to lay a good and substantial sidewalk along any street or alley passing such lot or piece of ground, in such manner as the council may provide. Laws of 1861, page 110, sec. 7.

From this it results, as the plaintiff's counsel contend, that the liability is not on the city, but upon the owner of the lot, and if a party injured has an action against any one, it must be against such owner, and not against the city. They insist that the utmost liability imposed upon the city is, if a sidewalk be necessary, to order the owner of the lot abutting on it, to make it, and if he fail so to do, or to keep it in repair when made, to compel him to do so, by some legal proceeding. An action against the lot owner, counsel think, is the only remedy a party injured can assert.

The streets of the city of Bloomington are a prominent object of public concern, and are placed, by express law, under the control of the municipal authorities.

The first question that arises in this case, as counsel have argued it, is, what should be, and are known and considered as the streets of a city?

In appropriating a tract of land or lot of ground, for the purposes of a city, town or village, the owner first marks out the streets, specifying their width, and usually bestowing upon each street a name. These streets, of the designated width, are dedicated to the public use. Lots abutting on the streets are measured and marked on the plat by numbers; usually, the town receives a name, the plat is recorded, and in due time municipal authority is organized and in operation over it. No recorded plat of any town or city can be found, wherein sidewalks are established as adjuncts to the public streets, nor are they so established. The town is incorporated with its streets and alleys, as the case may be, of a certain width, over which the municipal authorities exercise supreme control.

The establishment of sidewalks is the act of the authorities, they, by ordinance, requiring, along certain streets on both

sides, a certain width to be left, to be used as sidewalks for pedestrians. Vehicles drawn by four footed animals are prohibited from the use of this space, but it is no less a part of the street as originally established, and therefore, in a grant by the legislature of control over the streets of a city to the city authorities, control over the sidewalks passes to them, they being a part of the street. The charter of the city of Bloomington, giving control over the streets to the authorities of that city, also imposed upon them the duty of keeping them in repair, and, as sidewalks are a part of the street, a like duty is imposed to keep them in repair.

The fact, that the city authorities could impose the duty of constructing sidewalks upon the lot owners, cannot relieve them from their liability, in case a sidewalk, no matter by whom constructed, is suffered to be and remain out of repair and dangerous to use.

The charter of the city of Bloomington gives the authorities of the city plenary power over this whole subject. It is a subject in which the public interests are deeply concerned, and full power having been bestowed, its execution can be insisted on as a duty, in the neglect of which the city should be responsible for a resulting injury.

The case of *Browning* v. *The City of Springfield*, 17 Ill. 143, is decided on this principle, and so is the case of *Scammon* v. *The City of Chicago*, 25 id. 424, and that of *Clayburgh* v. *The Same*, id. 535.

The case of *The City of Chicago* v. *Robins*, 2 Black, 418 (Sup. Court, U. S.), is to the same effect. The rule is well settled, where a plain duty is neglected and one is injured by such neglect, the party upon whom the duty is imposed is liable for the damages sustained.

But it is insisted by the counsel for the plaintiff in error that there is no proof in the case that the city built, or even repaired, this sidewalk, and the presumption of law is, that the owner of the lot built it, and the evidence shows that he repaired it.

It was in proof that the city council, on the 27th of March,

1852, passed an ordinance for constructing this sidewalk, and that it was, soon after, built. It having been built, by whom is immaterial, and it being a part of the street, it was the duty of the city to keep it in repair, it being under their exclusive control. If it was built by the owner of the lot abutting on it, justice requires it should not be permitted by the city to suffer it to go to decay and ruin, when it was in their power, by the exercise of a reasonable degree of diligence, to have prevented it, and preserved it for the safe passage of all those whose necessities required its use. The duty still remained with the city to keep this sidewalk in a safe condition for use. The exclusive control over the streets being with the city authorities, and sidewalks being a component part of every street, those authorities cannot relieve themselves from their just liability, by casting the burden of constructing sidewalks on the lot owners; and if they construct the sidewalks by the command or order of the city authorities, or without it, the authorities are bound to keep such sidewalks in repair, the charter nowhere requiring the owner of the lot to perform that duty.

In the case of *The City of Joliet* v. *Verley*, 35 Ill. 58, which was an action on the case for an injury occasioned by a fall from an approach to a bridge erected over the canal by the canal trustees, in the city of Joliet, it was held that the legal obligation of a city to repair highways, streets, sidewalks and bridges within its corporate limits, was one voluntarily assumed by its corporate authorities, and related to such as were opened or constructed or allowed to be opened or constructed under its authority, and those which its officers assume control over for that purpose. And, although the canal trustees could not, by building a bridge over the canal within the limits of the city, impose upon the city the burden of keeping it in repair, yet, if the city assumes control over the bridge, it would be liable to keep it in repair.

So in this case, if the sidewalk was originally built by the lot owner, the exclusive supervision being in the city authorities, they must see to the repairs and to its safety, and, if an

injury results from defects which they should have repaired, they must be liable.

It is, however, objected by the counsel for plaintiffs in error, that the proof does not sustain the declaration in this : that the *locus in quo* as laid in the declaration in every count is, " the east side of East street, between Washington and Front streets," whereas the order of the city council is for paving and grading the sidewalks on both sides of East street between Washington street and Grove street. Whether or not Front street is reached before Grove street, and is intermediate Washington and Grove, and would, therefore, be embraced in the order of the city council, does not appear distinctly. The bill of exceptions states that this ordinance of March 27, 1852, embraced the sidewalk in controversy. The locality might have been a fact so notorious as to render unnecessary any proof, as by proof that it was but a block from the Court-House square, and a block and a half from the business center of the city. But, however this may be, the objection could only relate to the first, third and fifth counts, in which it is alleged the city built, or caused to be built, this sidewalk. There is no such allegation in the second and fourth counts, they being predicated on the general duty of the city to keep the streets, which, as we have said, include the sidewalks, in repair, and for the omission to perform this duty, this remedy is sought, and to which the defendant in error is well entitled.

The proof is full to the point of negligence. This defective sidewalk was directly across the street from the headquarters of the city street commissioner, and in one of the most public portions of the city, and its dangerous condition must have been in the knowledge of the city officials for a long time prior to the accident.

Upon the point made by counsel for plaintiffs in error, that the evidence does not sustain the verdict, we are satisfied, without saying the sidewalk was dangerous at the place where the injury occurred, that it was very much out of repair and calculated to do injury to pedestrians using it. It may be and it was an unfortunate accident, but it would not have happened

if the sidewalk had been in repair and safe, and the rule is, as recognized in Verley's case, *supra*, where the injury is the combined result of an accident and of a defect in the sidewalk, and the damage would not have been sustained but for the defect, although the primary cause be a pure accident, yet, if there be no fault or negligence of the plaintiff, if the accident be one which common prudence and sagacity could not have foreseen and provided against, the city is liable.

For the reasons given, the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*