JOSEPH KOHLHOF

*v.*

THE CITY OF CHICAGO.

|192   249|
|196  ¹217|

*Opinion filed October 24, 1901.*

1. MUNICIPAL CORPORATIONS—*duty of city with respect to sidewalks.* A city may reserve portions of a street for sidewalks and portions for use of vehicles, but is only required to maintain the respective portions of the street in reasonably safe condition for the purposes to which they are respectively devoted.

2. SAME—*the use of a sidewalk for moving goods is not an ordinary use.* The reservation of a portion of a street for sidewalk does not deprive parties of the right to move goods from buildings abutting thereon to the edge of the walk; but the moving of goods is not an ordinary use of a sidewalk, to accommodate which the city is charged with the duty of constructing and maintaining the walk.

3. SAME—*when Appellate Court's findings of fact preclude a recovery.* In an action against a city for injuries received by the breaking of a sidewalk while plaintiff was moving a heavy iron safe across it, findings by the Appellate Court, in its judgment of reversal, that the sidewalk was reasonably safe for use in an ordinary manner and that the plaintiff was injured from want of ordinary care on his part, preclude a recovery.

*City of Chicago* v. *Kohlhof,* 64 Ill. App. 349, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

FRANCIS J. WOOLLEY, for plaintiff in error.

ANDREW J. RYAN, City Attorney, (JAMES J. KELLY, of counsel,) for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The judgment of the Appellate Court for the First District reversing and not remanding a judgment in the sum of $3000 entered in the superior court of Cook county in favor of the plaintiff in error, in an action on the case

brought by the plaintiff in error against the city of Chicago to recover damages for personal injuries received by an alleged defective sidewalk, contained the following findings of fact:

"And this court finds that the said appellee was injured, as he alleges in the declaration, upon the sidewalk named and described in the declaration, and at the time he therein states. And the court further finds that the breaking of the sidewalk and the injury to appellee were not, nor was either of them, caused by any ordinary use of the said sidewalk, but was the result of its use in an extraordinary and unusual manner, namely, by the moving thereover, by the plaintiff, of an iron safe weighing 1400 pounds. And the court finds that the moving of the safe in question across the sidewalk was not such a use as sidewalks are ordinarily and reasonably intended or used for. And the court finds that the said sidewalk was reasonably safe for use in an ordinary manner; and so the court finds that the said appellant, the city of Chicago, was not guilty of negligence in manner or form as charged in the plaintiff's declaration, and that the plaintiff was injured by reason of a want of ordinary care upon his part, wherefore this cause is not remanded."

This writ of error brings before us the question whether the principles of law applicable to the facts so recited authorize and warrant the judgment entered by the Appellate Court.

A sidewalk is that part of a street which the municipal authorities have prepared for the use of pedestrians. The city council of the city of Chicago has ample power to designate portions of the streets of the city to be used by horsemen and vehicles, and to reserve other portions of the streets for the use of pedestrians and where horsemen and vehicles may not go, and to prepare such portions of the streets for such uses, respectively. (City and Village act, clauses 7, 9, 14 and 20 of sec. 1, art. 5; *City of Bloomington* v. *Bay*, 42 Ill. 503; Elliott on Roads

and Streets, secs. 20, 450, 451.)   All portions of a public street, from side to side and end to end, are for the public use in the appropriate and proper method, but no greater duty is cast upon the city than that it shall maintain the respective portions of streets in reasonably safe condition for the purpose for which such portions of the street are, respectively, devoted.   The right of footmen to cross and pass along and upon the roadway of a street is not here involved and need not be adverted to.

The designation of a portion of the street as a sidewalk for the use of footmen, and the preparation of the same for such use, do not deprive those who may desire to move goods or articles of personal property from buildings abutting on the street to or from vehicles in the roadway of the street, at the edge of the sidewalk.   The right of footmen to use the sidewalk is superior, however, to such right to move goods or articles to or from the roadway to the building abutting on the street.   The use often made of sidewalks in loading or unloading goods or articles is not an ordinary use, to accommodate which the city was charged with the duty of constructing and maintaining the walk.   In the opinion filed on petition for rehearing in *City of Chicago* v. *Keefe,* 114 Ill. 222, we said: "A sidewalk is for the passage of persons only, and we have not had in contemplation any use of it otherwise."   In 2 Dillon on Municipal Corporations (sec. 1019) the rule as to the obligation of cities in respect to streets is thus declared:   "It is sufficient, we think, if the streets (which include sidewalks and bridges thereon) are in a reasonably safe condition for travel in the ordinary modes, by night as well as by day;   and whether they are so or not is a practical question, to be determined in each case by its particular circumstances."

The findings of the Appellate Court that "the said sidewalk was reasonably safe for use in an ordinary manner," and that the plaintiff in error was injured by want of ordinary care on his part, are independent findings of

material ultimate facts, are binding on this court, negative all imputation of negligence on the part of the city, and preclude recovery by the plaintiff in error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*