## THE CITY OF CHICAGO

*v.*

## FRED LOEBEL.

*Opinion filed June 19, 1907.*

MUNICIPAL CORPORATIONS—*fact that city did not construct walk is not material.* If an "apron" has been used as a continuation of a sidewalk from the curb to the roadway so long a time that the city is charged with knowledge of its existence and use, the city must remove it within a reasonable time or be responsible for its presence and condition, notwithstanding it did not construct the apron or authorize its construction.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. C. A. BISHOP, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment rendered by the superior court of Cook county against the city of Chicago, the appellant, in an action for personal injuries brought by Fred Loebel, the appellee.

The declaration consists of three counts, which are substantially alike. The third count in substance alleges that on or about the 17th day of March, 1901, appellant was the owner and had control of a certain sidewalk at the northeast corner of Twenty-sixth street and Princeton avenue, and of certain boards and planks commonly called an "apron" and used as a cover over the gutter from the sidewalk to the cross-walk in the street; that by reason of the negligence, carelessness and wrongful conduct of appellant in permitting the said sidewalk and apron to be and remain in a dangerous and unsafe condition for public travel, appellee, while passing over the same on the date above mentioned, using due care and caution for his safety, stepped, stumbled or fell through a hole in the said apron and was seriously injured;

that he had been and would be compelled to expend a considerable sum of money in endeavoring to be cured of his injuries, and that he had been and will be prevented from transacting his affairs and business, depriving him of profits which he otherwise would have acquired. The general issue was interposed by appellant.

At the close of all the evidence the court denied appellant's motion for an instruction directing a verdict for the defendant.

The evidence produced before the trial court shows that for several years prior to the accident to appellee, which occurred shortly after midnight of March 16, 1901, a portion of the curb over the gutter at the end of the sidewalk at the north-east corner of Twenty-sixth street and Princeton avenue was covered by a number of boards put together, commonly called an "apron." The apron, when originally constructed, was about eight feet in length and two feet in width. The greatest length of the apron was from north to south across the line of the sidewalk, and the apron made an incline and continued the sidewalk from the edge of the curb to the roadway in the street. The curb was an ordinary city curb, and the depression from the edge of the curb to the roadway in the street was between twelve and eighteen inches. The apron was not attached to the sidewalk and was frequently out of place, lying in the street, but when in place was used by pedestrians crossing the gutter from the sidewalk to the roadway in the street, and *vice versa.* For a period of from two to four months prior to the date of the accident about two feet of the south end of the apron had been missing, having been broken off by the wheels of wagons turning the corner, consequently the apron did not extend as far south as the south line of the sidewalk, as it would have done had it not been broken, and there was an opening about two feet square between the south line of the sidewalk extended and the broken ends of the boards comprising the remaining portion of the apron. Appellee had

passed over the apron before the night of the accident but not since it had been broken. Between midnight and one o'clock in the morning of March 17, 1901, Loebel and a companion, named Dorn, were walking west along the north side of Princeton avenue and arrived at the corner in question, where they met two women walking east. To allow them to pass, appellee and his companion stepped a little to the south side of the sidewalk and continued on their way westward. When they reached the apron appellee stepped with his right foot and leg into the hole at the south end of the apron, his right foot and leg just striking and scraping against the edge of the apron as he went down. He fell forward to the street, receiving fractures of both bones of his right leg and other severe bodily injuries.

The evidence did not show that the city of Chicago constructed the apron or authorized its use in the first instance.

Appellant urges as grounds of reversal, first, the court erred in not instructing the jury, at the close of the evidence, to find the defendant not guilty; second, the court erred in passing upon objections to evidence offered.

JAMES HAMILTON LEWIS, Corporation Counsel, and JOHN R. CAVERLY, (EDWARD C. FITCH, and JOSEPH B. DAVID, of counsel,) for appellant.

MILES J. DEVINE, (MATTHEW P. BRADY, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is first urged that the court erred in refusing to direct a verdict for appellant. A consideration of the evidence in the cause, the substance of which may be found in the foregoing statement, leads us to conclude that this assignment is without merit. It is true that the evidence fails to show that the city was responsible for the use of the apron in the first instance. The apron in question had been used as a

continuation of the sidewalk for so many years that the jury were warranted in concluding that the city was bound by the lapse of time to know that it was being used as a part of the sidewalk, and if the city had that knowledge, and having that knowledge permitted the apron to remain in place after the expiration of a reasonable time for removing the same, it is wholly immaterial whether it was placed there in the first instance by the city or by private individuals. *City of Bloomington* v. *Bay,* 42 Ill. 503; *Village of Marseilles* v. *Howland,* 124 id. 547; *Hogan* v. *City of Chicago,* 168 id. 551.

The action of the court in permitting counsel for appellee to ask certain questions in cross-examining appellant's witnesses Eck and Schurtz, designed to test their memories and powers of observation, is complained of. We are of the opinion that there was no abuse of discretion by the court in this regard.

In the trial of the case a controversy arose as to whether or not a street lamp, located twenty-five or thirty feet from the apron in question, was burning at the time of the accident. A police officer by the name of McGrath examined the apron several hours after appellee received his injury, and testified that at the time of such examination the street light was burning. He was then asked, "How bright was it?" In answer to this he made several responses which the court seems to have regarded as expressions of opinion, and which, upon successive motions made by counsel for appellee, were stricken out, and it is said that this action of the court was improper. Thereafter, however, the witness was permitted to state that he could see the apron as plainly as he could, at the time of testifying, see a book on the judge's desk that was lying directly under an incandescent light. We think this cured the error, if any, in striking out the earlier answers. It was, in any event, a matter of indifference whether the lamp was burning at the time the policeman examined the apron, except in so far as it was important

to show that there was then light sufficient to enable him to inspect the apron.

No other questions are presented for our consideration by the brief and argument for the city.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*