## Catherine Maxey, Appellee, v. City of East St. Louis, Appellant.

1. STREETS AND ALLEYS—*duty of city as to maintenance in safe condition.* A city is only required to maintain the respective portions of its streets in reasonably safe condition for the purposes for which they are respectively devoted by the intention and sanction of the city, and while a city may not be obligated to keep the driveway of a street longitudinally in a fit and safe condition for pedestrians, yet if the city has impliedly designated a particular portion of such driveway for the use of pedestrians, it is under the legal duty to exercise reasonable care to keep such portion in a reasonably safe condition for use by pedestrians.

2. STREETS AND ALLEYS—*when city negligent.* *Held,* under the evidence, that the city was guilty of negligence in allowing the continuance of a considerable depression after constructive notice to it, which depression was at a point in the driveway of the street used by passengers to alight from street cars.

3. EVIDENCE—*to what attending physician competent.* In an action for personal injuries the attending physician may testify to subjective symptoms received when treating his patient and not examining her for the purpose of giving testimony.

4. NOTICES—*what compliance with act requiring notice to city.* The statute requiring notice of an injury to be given to a city, stating the name and address of the attending physician, etc., was not intended as a requirement to give the city the names of all the physicians who might testify; if the name and address of the physician who treated the person injured is given, the statute is complied with and other physicians will be permitted to testify.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. B. W. POPE, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910. *Certiorari* denied by Supreme Court (making opinion final).

W. P. LAUNTZ and C. E. POPE, for appellant.

WEBB & WEBB and KRAMER, KRAMER & CAMPBELL, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Appellee recovered against the appellant city a judgment of $1,800 for personal injuries received by her near the crossing of Missouri and Collinsville avenues in front of Kresse's book-store in said city, August 29, 1908. The declaration charges that appellant negligently permitted a hole six inches deep, ten inches wide and thirty-six inches long to be and remain at said point on the north side of, and adjoining, the north rail of the north track of the East St. Louis Railway Company located on said street. The evidence shows that plaintiff was visiting relatives in said city and had never seen that part of the street prior to her said injury, and resided at Mattoon, Illinois; that she and her husband and a number of her relatives were returning from Lansdowne Park in said city about 10:30 P. M. on a street car which came south on Collinsville avenue and turned west on Missouri avenue and stopped on that corner, and being apprised that that was the point for them to leave the car, she attempted to alight from it on the north side thereof; that she stepped her left foot first from the floor of the car down on the running board, extending the length of the car as a step, and then stepped her left foot forward again to the street, following the left each time with the right foot, all the while holding to the hand-hold; that when her foot struck the pavement it slipped into said hole or depression, throwing her and breaking both bones of her left leg and producing

a compound fracture; that she suffered very severely therefrom and was in bed and in an invalid chair and on crutches for more than a year. The evidence further shows that this car was a summer car and stopped at the usual place there for passengers to alight at that crossing, and that appellee got off about midway of the length of the car and stepped straight down into this hole which was from three to five inches deep, eight to fourteen inches wide and thirty to sixty inches long, extending out north of the north rail. The only evidence introduced by the defendant making any showing in the way of a denial of the existence of such a hole at that place, is the testimony of several witnesses in substance stating that they did not find or see, "any depression at that place in August, 1908, four or five or six inches deep, and twelve or fourteen inches wide and two or three feet long." Just what they did find there in the way of a depression they do not further particularize.

It is insisted by the appellant that there is no liability against the city in this case because the hole or depression was not in any sidewalk or crossing of the city, and that it is under no legal obligation to keep the driveway of its street longitudinally in a fit and safe condition for pedestrians. It was said in substance in City of Aurora v. Hillman, 90 Ill. 61, and in The Pres. and B'd. of Trustees of Harvard v. Senger, 34 Ill. App. 223, that a city is not bound to keep its whole street fit and safe for foot passengers. If this must be accepted as the general rule of law, still we think that under the holding of our courts that there are exceptions to the rule. A city may reserve portions of a street for pedestrians and portions thereof for the use of vehicles, only, and portions thereof for both pedestrians and vehicles. Sidewalks are usually made for pedestrians only, and street crossings, for both pedestrians and vehicles. Cities are required to use reasonable care to keep street crossings in reason-

ably safe condition for pedestrians while in the exercise of reasonable care and caution. This is not denied by appellant. The true rule in all cases, we think, is that a city is only required to maintain the respective portions of its streets in reasonably safe condition for the purposes to which they are respectively devoted by the intention and sanction of the city. Kohlhof v. The City of Chicago, 192 Ill. 249; Town of Normal v. Bright, 223 Ill. 99; City of Beardstown v. Smith, 150 Ill. 169.

It is clearly shown that this car stopped at the usual place that street cars had been stopping for passengers to get on and off for five months or more previous to the time in question. Street cars are not permitted usually, and should not be permitted, to stop in a street crossing to permit passengers to get on and off. To do so would constantly and unnecessarily cause the blocking of streets. This was a summer car with the seats running crosswise and the plaintiff had necessarily to alight from the center of the north side of the car from her seat there, some forty or more feet from the crossing. To do this she and all persons riding on the cars had necessarily to travel in the longitudinal part of the street to regain the sidewalk or the street crossing. The city knew this and by granting the street railway company its franchise and street privileges, as it must be presumed to have done, had devoted such places at which passengers must necessarily alight to their use as pedestrians until they could regain the crossing or sidewalk. To hold otherwise would deprive the public of the use of street cars or compel them to alight and walk on the street at such places at their own risk without regard to whether or not they were reasonably safe for such use.

It is also insisted that the evidence shows that the place in question was reasonably safe, and that the plaintiff was injured by reason of the long step of twenty-one inches from the running board of the car

to the brick pavement when she was hurt. We think the evidence clearly shows that the appellant was using reasonable care for her own safety and that she was injured by reason of this hole or depression into which she stepped her foot, and that it was a question for the jury to finally settle as to whether or not appellant was guilty of the negligence charged. Such a depression though in a brick pavement and safe for the travel of vehicles, would be plainly visible to persons accustomed to pass there; and being right at the place under and out from the running board and at a point where passengers were liable to step directly into from the car, it could, in our judgment, have been easily foreseen that injury might occur to passengers alighting from cars there. The appellant had constructive notice of this defect as it had existed for about five months prior to the accident.

What we have already said fully answers the contention of appellant that the court erred in refusing appellant's instruction No. 9. Appellant's instructions Nos. 3 and 20 were erroneous as offered. No. 3 was properly modified by the court and No. 20 was not based on the evidence; and therefore the court did not err in refusing them as offered, and the appellant cannot be heard to complain of their modification by the court. Swift & Co. v. Rennard, 119 Ill. App. 173.

There was no reversible error in the court's rulings on the evidence. The attending physician may testify from subjective symptoms received when treating his patient and not examining her for the purpose of giving testimony. Greinke v. Chicago City Ry. Co., 234 Ill. 564. There was no evidence excluded by the court that was material and pertinent to the issues that the defendant did not afterwards get the full benefit of by further examination. The notices to the city were properly admitted in evidence, as was also the evidence of Dr. Freeman. The statute requiring notice

of the injury to be given to the city and the name and address of the attending physician, etc., was not intended as a requirement to give the city the names of all the physicians who might testify. She gave in her notice the name and address of the physician who treated her for this injury, and that was all the statute required in that particular. Graham v. The City of Rockford, 238 Ill. 214.

Finding no reversible error in this record the judgment of the lower court is affirmed.

*Affirmed.*