# Louisa Beesley, Appellee, v. City of Chicago, Appellant.

## Gen. No. 16,518.

1. NEGLIGENCE—*what not essential to recovery.* In order to recover for negligence it is not necessary that any witness should testify from actual observation the precise manner in which an injury resulted.

2. INSTRUCTIONS—*when as to obligations of city with respect to its streets properly refused.* Held, that an instruction set forth in this opinion failed properly to define the obligations of the city with respect to its streets particularly as to such portion thereof as was used by the plaintiff in attempting to alight from a street car, and that such instruction was properly refused.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the HON. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 24, 1912.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; EDWARD C. FITCH, of counsel.

A. L. GETTYS and FRANK V. CAMPE, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit to recover damages for personal injuries alleged to have been sustained by appellee through the negligence of appellant in failing to exercise reasonable care to maintain a portion of a wooden block pavement, on Indiana avenue near 31st street, in a reasonably safe condition for pedestrians alighting from street cars. A trial by jury in the Circuit Court resulted in a verdict and judgment against appellant for $875, from which judgment it prosecutes this appeal. It is urged, (1) that the verdict is contrary to the weight of the evidence, (2) that the court er-

roneously refused the 10th instruction offered by appellant, and (3) that the damages are excessive.

At about 9 o'clock on the night of June 3, 1903, appellee boarded an open Indiana avenue car at 36th street for the purpose of riding to 31st street. When the car stopped at the customary place for discharging passengers on the south side of 31st street, appellee, as she alighted from the front end of the car and stepped upon the street pavement, in the usual manner, fell upon the pavement or against the car and sustained injuries consisting of a simple oblique fracture of the fibula and tibia of her right leg, contusion of the hip and some injury to the back.

It is clearly established by the evidence, and admitted by the appellant, that at the place in question in Indiana avenue, there were depressions or holes in the cedar block pavement caused by the absence of numerous blocks, and that such condition of the pavement had existed for several months. It is urged, however, that the evidence fails to show that the unsafe condition of the pavement was the proximate cause of appellee's injuries.

The only evidence bearing directly upon this issue is the testimony of appellee. She testified:

"In getting off I stepped in a hole in the street and my foot went in and turned right over and I fell back. I did not know what kind of a hole it was, because I didn't see any hole there; if I had I would not have stepped into it. There must have been a hole there because my foot went into it; because my foot goes away and turned over and I felt it go into the hole; it turned over after it was in because I could feel my foot going. It was pitch dark and I couldn't see anything. When I stepped off the car I stepped right flat on my right foot and as I stepped it went right into this hole."

It is not necessary that any witness should have testified from actual observation, as to the precise

manner in which the injury resulted. The uncontroverted testimony of appellee was sufficient to warrant the jury in finding that the unsafe condition of the pavement was the proximate cause of her injuries.

The 10th instruction offered by appellant and refused by the court is as follows:

"The court instructs the jury that a city has power to designate a part of the public highway to be used by horses and vehicles and to designate another part of the public highway to be used by pedestrians and while the city is required by law to use ordinary care to keep that part of the public highway so designated for use by pedestrians reasonably safe for persons exercising ordinary care for their own safety and to use reasonable care to keep that part of the public highway so set aside or designated for use by horses and vehicles reasonably safe for travel by such horses and vehicles, the city is not required by law to keep that part of the public highway set apart for horses and vehicles, longitudinally between the sidewalks and not at public crossings reasonably safe for pedestrians.

"And you are further instructed that if you find from the evidence that the occurrence in question occurred in that part of the public highway set apart for the use of horses and vehicles, longitudinally between the sidewalks, and not at a public crosswalk, and if you further find that said part of the highway so set apart and designated for use by horses and vehicles, longitudinally between the sidewalks and not at a public crosswalk, was reasonably safe for travel and use by horses and vehicles, then you should find the defendant, City of Chicago, not guilty."

It is insisted, upon the authority of Kohlhof v. City of Chicago, 192 Ill. 249, that this instruction was improperly refused. In the Kohlhof case it was held that the city council has ample power to designate portions of the streets of the city to be used by horsemen and vehicles, and to reserve other portions of the streets for the use of pedestrians, and where

horsemen and vehicles may not go, and to prepare such portions of the streets for such uses respectively; that all portions of a public street, from side to side and end to end, are for the public use in the appropriate and proper method, but no greater duty is cast upon the city than that it shall maintain the respective portions of streets in reasonably safe condition for the purposes for which such portions of the street are, respectively, devoted. The rights of footmen to cross and pass along and upon the roadway of a street, it was said, were not involved and need not be adverted to. In the same case the court quoted with approval from Dillon on Municipal Corporations, as follows: ''It is sufficient, we think, if the streets (which include sidewalks and bridges thereon) are in a reasonably safe condition for travel in the ordinary modes, by night as well as by day; and whether they are so is a practical question, to be determined in each case, by its particular circumstances.''

The instruction involved announces an abstract rule of law incorrectly, in that it ignores any reference to the purpose for which the portion of the street where appellee was injured was devoted, and further arbitrarily assumes that such portion of the street was set apart exclusively for the use of horses and vehicles. The evidence discloses without controversy that the car in which appellee was a passenger stopped at the usual stopping place to enable passengers to alight and that appellee alighted from said car upon the street pavement at a place customarily devoted to that purpose. The instruction wholly ignores any reference to the duty imposed upon appellant under the particular circumstances of the case, and was properly refused. Maxey v. City of E. St. Louis, 158 Ill. App. 627.

The jury were warranted in finding that appellee sustained the specific injuries heretofore mentioned;

that she suffered severe pain in consequence of such injuries, and continued to suffer pain up to the time of the trial in December, 1909; that she was confined to her bed and obliged to wear a cast for six or eight weeks after the accident; that for six months thereafter she necessarily used a crutch or cane when she walked; that since the accident she had been unable to perform her usual household duties as formerly. The damages are not excessive.

The record is free from error and the judgment is affirmed.

*Affirmed.*