(No. 29444.—

THE CITY OF ELMHURST, Appellee, *vs.* WILLIAM J.
BUETTGEN, Appellant.

*Opinion filed May 21, 1946—Rehearing denied September 12, 1946.*

EDGAR F. THOMA, of Elmhurst, for appellant.

LAWRENCE C. TRAEGER, of Chicago, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

The appellant, William J. Buettgen, was tried, convicted, and by way of punishment, subjected to a fine of

$5, in the police court of the city of Elmhurst, upon a complaint filed therein charging the violation by him of an ordinance of that city, prohibiting all persons from propelling or driving any motor vehicle over any sidewalk. He appealed to the circuit court of Du Page county. In the latter court, relying on the alleged invalidity of the ordinance, he stipulated that he did drive a motor vehicle, known as a motor truck, over a sidewalk in the city of Elmhurst, as charged in the complaint. The circuit court found him guilty. Judgment was entered against him for $5 and costs. The trial judge certified that the validity of a municipal ordinance was involved and that the public interest required that a direct appeal be taken to this court.

The ordinance in question was adopted by the city council of Elmhurst in 1924, and, so far as pertinent herein, reads as follows: "That no person or persons shall push, propel or back any wagon, horse, cart or bicycle or motor vehicle or other vehicles, over any sidewalk, curb or grading, or use, lead, ride or drive any horse or other animal, wagon, sled or sleigh or other vehicle over or thereon."

Appellant claims that the ordinance impairs the right of access which owners of property bordering upon a street have as an incident of their ownship, thereby violating the constitutional provision that no person shall be deprived of liberty or property without due process of law, and that the ordinance is so broad and inclusive in its prohibition of the use of the sidewalks that it is unreasonable and void. He argues that the ordinance, when strictly construed as he contends it must be, prevents an abutting property owner from driving his car to and from his garage and the street, and is so unequivocally sweeping in its provisions that it clears the sidewalks of everything from toy wagons to heavy trucks, and from horses to pet dogs, and would prevent a mother from wheeling her baby carriage, her husband from walking his dog, or her child from

riding his velocipede upon the sidewalks without incurring criminal liability.

The claim that the ordinance deprives an abutting property owner of access to his property by automobile is based on the assumption that an abutting property owner has an absolute right of access, by automobile or otherwise, to his property by way of the sidewalk, which right cannot be limited or impaired, and the further assumption that the word "sidewalk," as used in the ordinance, must be construed to include driveways intersecting the same.

The streets and sidewalks of a city are held in trust by the municipality for the use of the public, for purposes of travel and as a means of access to and egress from property abutting thereon. The primary right to the use of the streets and sidewalks of a city for the purposes of travel belongs to the public everywhere, and not to the abutting property owners alone. The general public has the paramount right to the use of the streets in all their parts, including the sidewalks thereon. That right is the right of all persons, whether abutting property owners or residents or nonresidents of the municipality, to pass over it freely and without impediment whenever they have occasion or desire to do so. It is not an absolute right in every or any person at all times or under all circumstances, but is subject to such incidental or partial restriction or obstruction as manifest necessity may require. An abutting property owner has the right, for the convenience of his property, to make all proper and reasonable use of the sidewalk and street not inconsistent with the paramount right of the public.

Article 23 of the Cities and Villages Act grants certain powers to the corporate authorities of municipalities, among which are the power to vacate, lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve streets and sidewalks, (Ill. Rev. Stat. 1945, chap. 24, par. 23-8,) the power to regulate the use of streets, (Ill.

Rev. Stat. 1945, chap. 24, par. 23-10,) the power to regulate the use of sidewalks, (Ill. Rev. Stat. 1945, chap. 24, par. 23-20,) and the power to regulate traffic upon the streets and sidewalks. (Ill. Rev. Stat. 1945, chap. 24, par. 23-27.) There can be no question but that the title to all streets and sidewalks is vested in the city in trust for the public, and under the above provisions of the Cities and Villages Act they are under the control, supervision and dominion of the corporate authorities of the city for the purpose of preserving them and promoting their intended use. The city is charged with the duty of keeping its sidewalks, as well as its streets, in a reasonably safe condition for the use of the public. It is highly important to the safety and convenience of the public that the sidewalks do not become out of repair. It is a matter of common knowledge that sidewalks are not constructed for the use of trucks or automobiles, and that the practice of driving such vehicles over the same usually breaks and damages the sidewalks, making them inconvenient and unsafe for pedestrians. The city council has ample power to designate portions of the street to be used by motor vehicles and other portions to be used by pedestrians. (*Topliff* v. *City of Chicago*, 196 Ill. 215; *Kohlhof* v. *City of Chicago*, 192 Ill. 249; *City of Bloomington* v. *Bay*, 42 Ill. 503.) The legislature having expressly delegated to municipalities the power to regulate the use of streets and sidewalks and traffic thereon, we see no reason why an ordinance prohibiting the driving of motor vehicles over sidewalks is not a reasonable and valid exercise of such power, nor do we see wherein such an ordinance contravenes any provision of the constitution. The word "street" is a generic term and includes all urban ways which are generally used for ordinary purposes of travel. (*Carlin* v. *City of Chicago*, 262 Ill. 564.) The sidewalk is simply a part of the street which the municipal authorities have set apart for the use of pedestrians. (*Topliff* v. *City of Chicago*, 196 Ill. 215;

*Kohlhof* v. *City of Chicago*, 192 Ill. 249; *City of Chicago* v. *O'Brien*, 111 Ill. 532; *City of Bloomington* v. *Bay*, 42 Ill. 503; *City of Ottawa* v. *Spencer*, 40 Ill. 211.) While a private driveway of an owner of property abutting upon a street may be considered in a sense as a part of the sidewalk, it would be absurd to presume that the term "sidewalk" was used with such meaning in the ordinance in question. The word "sidewalk," taken in its ordinary and familiar acceptation, with regard to its general and popular use, does not include driveways. A penal ordinance will not be so literally construed as to produce an absurd result, which, although within its letter, is contrary to its spirit. (*Illinois Malleable Iron Co.* v. *Comrs. of Lincoln Park*, 263 Ill. 446.) All laws should receive a sensible interpretation. The rules for the construction of municipal ordinances are the same as those applied in the construction of statutes. (*Dean Milk Co.* v. *City of Chicago*, 385 Ill. 565.) Strict construction of a statute means simply that it must be confined to such subjects or applications as are obviously within its terms and purposes. (*Lawton* v. *Sweitzer*, 354 Ill. 620.) It does not require such an unreasonably technical construction that the words used cannot be given their fair and sensible meaning in accord with the obvious intent of the legislature. Where the literal application of general terms used in a criminal statute would lead to injustice, oppression or an absurd consequence, the courts in construing such general terms should so limit their application as to avoid results of this character, if the legislative purpose gathered from the act would be satisfied by the limited interpretation. (*Sorrels* v. *United States*, 287 U. S. 435, 53 S. Ct. 210.) A statute or ordinance must receive a sensible construction, even though such construction qualifies the universality of its language. No rule of construction requires the ordinance before us to be construed as prohibiting the use of private driveways by motor vehicles.

It is contended that the ordinance is unconstitutional and void because it is unreasonable. It is said that it prohibits the use of the sidewalks by baby carriages, toy wagons and pet dogs. Even if the ordinance be so construed, it would not follow that, because its provisions to that effect might be void, the prohibition against driving motor vehicles over sidewalks is also invalid. A section of a statute may be void in part and valid in part. The invalid portion will not affect the validity of the remainder unless so connected therewith that it cannot be presumed that the legislature would have enacted the one without the other, (*People ex rel. Yohnka v. Kennedy,* 367 Ill. 236,) which is not the case here. It is an established rule that courts will not entertain an objection to the constitutionality of a statute made by a party not in any way aggrieved thereby, unless the unconstitutional feature, if it exists, is of such character as to render the entire act void. (*People v. Day,* 313 Ill. 531.) One who would attack a statute or ordinance as unconstitutional must bring himself within the class as to whom the law is unconstitutional. Appellant does not contend that he is aggrieved by the provisions complained of as denying baby carriages, toy wagons and pet dogs the use of the sidewalks. Courts only determine the validity of a statute or ordinance in the light of the factual background presented by the record. Constitutional questions are not dealt with in the abstract. (11 Am. Jur. 753, sec. 111, and cases cited in note 18.) The ordinance in question must be held valid and constitutional as against the objections urged by appellant.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*