## City of Centralia v. Emily Ayres.

1. PEREMPTORY INSTRUCTION—*when properly refused.* A peremptory instruction is properly refused where there is evidence tending to prove all the material allegations brought in issue by the pleadings.

2. CONTINUANCE—*when refusal to grant, ground for new trial.* Where it appears on the trial and subsequent to the refusal of a motion for a continuance that it was essential that the applicant for a continuance have further time for preparation, it is error to deny the same.

3. DAMAGES—*what not element of, in action by wife for personal injuries.* Expenses paid by the husband of the plaintiff in connection with an effort to bring about a cure, are not a proper element of damage to be awarded.

4. EXPERT WITNESS—*what evidence cannot be given by.* An expert witness testifying as to the physical and mental condition of the injured party should not be allowed to express an opinion as to whether or not the conditions found were the result or consequence of the act of which complaint is made.

5. REMARKS OF COUNSEL—*when ground for new trial.* Where counsel in argument have been guilty of improper remarks intended to excite the passions or prejudice of the jury, a new trial will be awarded if upon the whole record of proceedings it appears that a fair and deliberate verdict was not arrived at.

Action in case for personal injuries. Error to the Circuit Court of Marion County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the August term, 1906. Reversed and remanded. Opinion filed March 15, 1907.

CHARLES F. DEW, for plaintiff in error.

ALBERT D. RODENBERG and CHARLES H. HOLT, for defendant in error.

City of Centralia v. Ayres.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case brought by Emily Ayres, defendant in error, against the city of Centralia, plaintiff in error, to recover damages for injuries received which it is alleged were caused by the negligence of plaintiff in error in failing to keep in safe repair and condition a certain sidewalk located on the east side of Poplar street in said city, and near the intersection of Vermilion street. A year or more prior to the time of the accident, the walks on Poplar street at this point, which were then of plank, were condemned, taken up and hauled away by order of the city council, and in their place cinders were filled in and leveled down. Across this cinder walk, on the east side of Poplar street, at the corner of Vermilion street, there was a shallow ditch or depression twelve or fifteen inches in depth, and across this ditch three boards had been placed, by whom it does not appear. The boards were of oak, of unequal length, 7 to 9 feet long, 12 inches wide and 2 inches thick and laid side by side, on and in line with the walk on Poplar street. There was a hole in one of the boards, 22 x 2¾ inches. In walking south on Poplar street, on the evening of October 16, 1905, defendant in error, when crossing the ditch mentioned, stepped upon the boards through the hole described, fell, and was injured.

The declaration is in three counts. It is alleged in the first count that the plaintiff in error was possessed and had control of a certain public sidewalk in a certain public street and should have exercised reasonable care to keep the same in a reasonably safe condition but "wrongfully and negligently suffered and permitted the same to be and remain in a bad and unsafe condition and repair, and divers planks or boards, wherewith the said sidewalk was laid and constructed, to be and remain rotten, broken and unfastened; all of which facts were well known to the defendant, or ought to have been known in the exercise of reasonable care, by means whereof the plaintiff while passing along the sidewalk, using due care and caution for her own safety, stepped upon one of these rotten, broken and unfastened planks, of which the

sidewalk was composed, and the same gave way and plaintiff fell through the hole in the sidewalk," etc., and was injured. The second count is substantially the same as the first. The third count differs from the other two in the allegation, that the city had control of a certain "sidewalk or wooden crossing." The plea of the general issue was filed, the cause was tried by a jury and a verdict of $3,000 returned in favor of the plaintiff. The defendant made a motion for a new trial, which was denied and judgment on the verdict was rendered, from which the defendant prosecutes a writ of error in this court.

After a careful examination of the record and consideration of the argument of counsel, we have reached the conclusion that the judgment should be reversed. It is not necessary therefore to discuss the action of the court in denying the motion for continuance, further than to say, that under the showing made at the time, and upon which the court acted, we are not inclined to hold that to refuse a continuance, was an abuse of judicial discretion. Nevertheless, taking into consideration the subsequent proceedings and the nature of the injuries claimed on the trial, the need of appellant for further time in preparation of the case and of appellee for the development of chronic neurasthenia, if such was the result of the injuries, would seem to have been required. The testimony of the absent witnesses proposed was very material upon the question of damages.

The court did not err in refusing the peremptory instruction asked at the close of the testimony. There was evidence tending to prove all the material facts brought in issue by the pleadings, even if we concede the contention of appellant, that the city may not be held liable for failure to exercise its discretionary power in providing a sidewalk. That the city was possessed of and had control of a certain public sidewalk was a material allegation which the appellee was bound to prove, and to say the least, the evidence in this case, applied to the place where the injury occurred, tends to prove that allegation. The evidence tends to prove that when the city condemned and removed the plank walk, it substituted

the cinder walk in its place. Upon a question of liability for failure to exercise reasonable care to keep its walks in a reasonably safe condition for foot travel, it can make no difference whether the walk was constructed of stone, cement, plank, cinders, earth, or of all these materials in combination. It is a general custom of common knowledge for the public to use and appropriate for foot travel the sides of a public street next to the border line or fences enclosing abutting property, and in this way make a path or well-defined sidewalk. The measure of the city's duty respecting the safe condition of such a sidewalk is to be determined, in any given case, from all the facts and circumstances shown by the evidence. In the dedication and acceptance of a public street it must be contemplated that the street is to be used by the public for travel whether on foot or in vehicles, and by the acceptance,—an exercise of discretionary power,— the city assumes responsibility of the supervision and control of the street for public use, and may be held to the exercise of reasonable care for the safety of persons in the rightful, general, public and permitted use of the street. While the paving, or other improvement of the street, or the construction of sidewalks, are discretionary with the city council, and it may not be compelled to do the one or the other, it does not follow that it is thereby excused or exonerated from the exercise of reasonable care to keep the street and sidewalks in safe repair and condition for use in the manner and to the extent that the public is permitted to use such street, or sidewalk. Without further comment upon plaintiff in error's contention that evidence does not fit the declaration, and without discussing the evidence in this case, it is sufficient to repeat that there was evidence tending to prove the issues made and that the peremptory instructions were properly refused.

Inasmuch as it was an issue, sharply contested by plaintiff in error, whether or not the defective boards were a part of the sidewalk, placed there by the city authorities or permitted by the city to be used as a part of a sidewalk for such time and under such circumstances as to incur liability,

it was error to assume the existence of this contested fact in the examination of witnesses or in the instructions to the jury. Defendant in error's instruction No. 2, as a general proposition of law, applicable in a case where the existence of a sidewalk is not questioned, is substantially correct, but in this case was misleading and ought not to have been given. Instruction No. 5 is likewise erroneous in that it assumed there was a sidewalk, and sidewalk liability, if the said sidewalk was not in a reasonably safe condition. No. 6 is erroneous and highly misleading and prejudicial for all the reasons contended for by plaintiff in error. It assumes the liability of the city, it is argumentative, and invades the province of the jury in giving effect to evidence admitted in proof of issues involved. No. 7 assumes the existence of a sidewalk. Otherwise it is substantially correct. The evidence of wages of the hired girl, paid by the husband of defendant in error, should have been stricken out on the motion made by plaintiff in error. Expenses paid by her husband were not properly to be considered as an element of damage to be allowed the wife. It was clearly erroneous and prejudicial to permit the physicians to testify, that defendant in error's extremely nervous condition was due to the injury received by the fall. The cause and extent of the injury was a question of fact for the jury, and it has been repeatedly held that an expert witness testifying as to the physical and mental condition of the injured party may not be allowed to express an opinion as to whether or not the conditions found were the result or consequence of the act of which complaint is made. I. C. R. R. Co. v. Smith, 208 Ill., 608; Chicago City Railway Company v. Sugar, 117 App., 578; I. C. R. R. Co. v. McCollum, 122 App., 531.

The remarks of counsel in argument to the jury, to which objection was made and sustained, and of which complaint is now made, were highly improper and inexcusable, coming from counsel of ability, age and experience in the practice of the law. It is the motive that deserves rebuke and where it is seen that the intended effect of improper remarks is to

éxcite the passions or prejudice of the jury, neither the attorney nor his client may complain if the verdict is set aside for that reason alone. While as a rule the court is not inclined to set aside a verdict because of excessive damages allowed, because the amount to be given is peculiarly within the province of the jury, yet if upon the whole record of proceedings· it appears that the evidence bearing ʼupon damages was not fully and fairly presented and considered by the jury, unmoyed by sympathy or prejudice, a new trial should be awarded. In a large measure the damages claimed by defendant in error, and allowed by the jury in this case, were because of defendant in error's nervous debility, neurasthenia, supposed to have been caused by the fall for which the action was brought. To determine whether defendant in error was suffering, as stated in I. C. R. R. Co. v. McCollum, *supra,* "from that most subtle and easily simulated ailment known as 'traumatic neurasthenia,' in other words, an impairment of the nervous system by nervous shock," newly discovered evidence shown by affidavit in the motion for a new trial was material, and though not calculated to defeat the action entirely, should, in justice, be heard upon the question of damages. It is furthermore to be considered that the time intervening between the injury and trial was scarcely sufficient fairly to determine that the injury was chronic or permanent.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*