EMMA D. GRAHAM, Appellee, *vs.* THE CITY OF ROCKFORD, Appellant.

*Opinion filed February 19, 1909.*

1. MUNICIPAL CORPORATIONS—*when notice to a city prior to beginning personal injury suit is sufficient.* A notice, served upon a city prior to beginning a personal injury suit, which is sufficient as to form and correctly names the physician who treated the plaintiff for her injury, is not rendered insufficient by the fact that it did not name a physician who called upon plaintiff once after the injury but who is not shown to have treated her for such injury.

2. SAME—*city owes same duty to keep cross-walk in repair as it does streets and walks.* While a cross-walk is not technically a street or sidewalk, it is a public place in respect to which the city sustains the same relation as it does to streets and sidewalks, and the fact that instructions stating correct propositions of law with respect to the duty of the city use the words "streets and walks" instead of "cross-walk" or "crossing" does not render them misleading.

3. INSTRUCTIONS—*when an instruction does not imply that city was negligent in selecting material.* In an action for injuries sustained by stepping in a hole in a plank cross-walk, an instruction stating that the jury, in considering the question of the city's care in keeping the place in repair, might consider the material of which the walk was constructed and the condition of the walk with reference to decay or repair, does not imply that the city was negligent in selecting wood instead of cement or other material.

4. SAME—*when an instruction does not assume that walk was in unsafe condition for considerable time.* An instruction stating that "where a walk or public street remains in unsafe condition for a considerable time, and such length of time that the city authorities, in the exercise of ordinary care and diligence, should have discovered such condition and remedied it, notice to the city of such defective or unsafe condition of such walk or street is presumed," does not inferentially tell the jury that the walk in question was in unsafe condition for a considerable time and that notice thereof should be presumed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding.

A. PHILIP SMITH, and ROBERT REW, for appellant.

FISHER & NORTH, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Emma D. Graham brought an action on the case against the city of Rockford to recover damages for a personal injury sustained by her by reason of falling into a hole in a plank cross-walk in the said city. She recovered a judgment for $3000 in the circuit court of Winnebago county, which judgment the Appellate Court for the Second District affirmed after requiring a *remittitur* of $1500. The city of Rockford has prosecuted a further appeal to this court.

At the close of appellee's evidence, and again at the close of all the evidence, appellant entered its motion for a directed verdict in its favor, and accompanied the motions with appropriate instructions for that purpose. The ruling of the circuit court in denying this motion is the first error relied on by appellant. The question raised under this assignment of error is as to the sufficiency of the notice served by appellee upon the city of her injury prior to the commencement of the suit. The objection to the notice is not apparent upon its face. No objection was made at the time the notice was offered in evidence nor is there any pointed out now to the form of the notice. The objection is that the notice names Dr. F. H. Kimball as the attending physician, whereas appellant contends that on the trial the fact was developed that Dr. James also attended appellee and treated her for the injuries complained of. The record shows that appellee called Dr. James as a witness, and appellant objected to Dr. James testifying on the ground that Dr. F. H. Kimball, and no other physician, was named in the notice. Upon this objection being made to Dr. James testifying, appellee excused the witness and no testimony was given by Dr. James. The fact was subsequently brought out by other testimony that Dr. James had attended the ap-

pellee once after the injury, but does not show that such
attendance was for the purpose of treating her for the in-
juries received in this accident.    The evidence shows that
Dr. Kimball was the regular attending physician and gave
appellee all the medical treatment she received for her in-
juries.    The Appellate Court reached the conclusion, under
the evidence, that Dr. James was not the attending physi-
cian.    It was not necessary, therefore, to mention the name
of that physician in the notice.

Appellant contends that the court erred in giving in-
struction No. 5 on behalf of appellee.    The substance of
that instruction is, that the jury were instructed that in de-
termining the question whether the appellant had exercised
ordinary care and diligence in keeping the walk or street in
question in a reasonably safe condition they might take into
consideration, so far as the facts were shown by the evi-
dence, the material of which the walk in question was
constructed and the condition of the walk or street with
reference to decay and the probable need of repair, if such
matters appeared from the evidence.    The evidence was
that the injury occurred by appellee falling through a hole
in a plank culvert constructed across an open drain.    The
complaint made by appellant to instruction No. 5 is, that it
was calculated to suggest to the jury that the city might be
guilty of negligence in selecting wood instead of cement,
tile or some other material for this crossing.    We do not
think that the instruction is open to the objection thus made.

Appellant also objects to instructions 8 and 9 given on
behalf of the appellee.    These instructions both state cor-
rect propositions of law.    The objection to both of them is
that they employed the words "walks and streets," in refer-
ence to which the duty of the city is correctly stated.    The
place where the appellee was injured was not technically a
street or a sidewalk, but it was a public place where people
walked in crossing from one street to another and in re-
spect to which the city sustained the same relation it does ·

to streets and sidewalks. Appellant does not contend that the city was not required to exercise the same degree of care to keep the crossing in question in reasonably safe condition that the law imposes on it in regard to streets and walks. The mere fact that the place is classed in the instruction with walks and streets in defining the degree of care which appellant owes is an objection of no serious consequence. There was no error in giving these instructions.

Instruction No. 10 is as follows:

"The court instructs you that it is the duty of a city in this State to use reasonable care to keep its walks and streets in a reasonably safe condition for public travel by those who are in the exercise of ordinary care for their own safety; that where a walk or a public street remains in an unsafe condition for a considerable time, and such a length of time that the city authorities, in the exercise of ordinary care and diligence, should have discovered such condition and remedied it, then notice to the city of such defective or unsafe condition of such walk or street is presumed."

The objection made to the foregoing instruction is, that it inferentially tells the jury that the walk or street in controversy was in an unsafe condition for a considerable time,—such length of time that appellant, in the exercise of ordinary care and diligence, should have discovered the defect,—and that notice of the defect should be presumed; that the instruction assumed as proved, facts that were controverted in regard to knowledge of the defect and want of diligence in repairing it. We do not think the instruction is open to the objection made to it. What has already been said with reference to instructions 8 and 9 applies to this instruction.

It seems to have been conceded on all hands during the trial that the city owed the same duty in keeping the place where the accident occurred in repair that it did in respect to sidewalks and streets, and this being true, the court, in laying down the rules of law applicable to the facts, uses

the terms "walk" and "public street." The instructions would have been free from any criticism if they had stated the rule and applied it to the crossing where the injury occurred, instead of introducing the abstract form by using the more familiar words "walks" and "streets." We fail to see how the jury could have been misled by any of the instructions complained of.

Other instructions given are referred to in appellant's assignments of error but are not discussed in its brief and argument.

The judgment of the Appellate Court for the Second District is affirmed.

<em>Judgment affirmed.</em>