# W. Scott Marshall, Appellant, v. Henry T. Davis, Appellee.

1. VERDICT—*when set aside.* A verdict manifestly against the weight of the evidence will be set aside on review.

2. TRIAL—*when remarks of counsel ground for reversal.* If the remarks of counsel in argument are improper and result in prejudice to the other party, a new trial should be awarded.

*Assumpsit.* Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

JUNE C. SMITH, for appellant.

A. D. RODENBERG, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

The appellee leased certain premises in the city of Centralia from the appellant for one year from the first of January, 1906, to the first of January, 1907. The lease was in writing and provided that the appellee was to pay as rent the sum of $360, payable in monthly instalments of $30 each. The appellee remained in possession of the premises until the 27th day of February, 1907, when he vacated the same. No lease for another year commencing at the expiration of the lease mentioned was signed or entered into by the appellee. This suit is brought to recover the sum of $300 as rent for the remaining ten months of the year—from the first day of March, 1907, to and including the 31st day of December, 1907, which sum is claimed to be due by reason of a hold-over term of tenancy. The declaration was in assumpsit, to which appellee filed the general issue and a special plea setting up that before the expiration of the written lease, the plaintiff entered into a verbal agreement with the defendant to make a new lease for the premises for another year from the expiration of

the old lease, to repair and improve the premises within a reasonable time, in consideration of which, defendant agreed to pay an increased rental of ten dollars per month following the completion of the repairs, which were specified, and relying upon said agreement, defendant remained in possession until February 27, 1907, when, because of plaintiff's failure to make the repairs agreed to, he moved out and surrendered possession. The case was tried by a jury which returned a verdict in favor of the defendant. A motion for new trial was denied, the court rendered judgment on the verdict, and the plaintiff appealed. A number of errors appear in the assignment, but in argument appellant relies upon two propositions, namely, first, the verdict is contrary to the law and the evidence; and second, that counsel for appellee used improper and prejudicial remarks in argument before the jury. There being no disputed question of fact, it remains to determine whether the verdict is contrary to the manifest weight and preponderance of the evidence. The appellee testified to a conversation with appellant in the early part of November, 1906, the substance of which was, that appellant agreed to make certain specified repairs on the premises within a reasonable time, and that appellee would take a new lease at an increased rental of ten dollars a month as soon as the repairs were completed. In this he is corroborated, in part, by two other witnesses who overheard a conversation between appellant and appellee, in which matters of repairs and increased rent were discussed, but neither of the witnesses testified to an agreement for a new lease or the time and terms of such an instrument. In rebuttal, the appellant flatly contradicts the appellee and denies that any such agreement was made or talked of. He testifies that there was some talk of certain improvements wanted by appellee, and that appellee was to see a contractor, procure an estimate of cost and send it to him, but that no agreement was made as to improvements or for a new lease, and that neither party men-

tioned, or had in contemplation, other than the then existing lease. Three or four letters written by appellee to appellant, after the alleged conversation and agreement, were admitted in evidence and appear as exhibits in the record. It would unnecessarily encumber this opinion to set them out in full, but we are strongly impressed with the probative value of these letters in rebuttal of the appellee's testimony.

After the alleged conversation and agreement, a number of letters passed between the parties, relating in such manner to rent, repairs, appellee's possession and vacation of the premises, as would naturally and necessarily move the appellee to assert his claim under such an agreement, if made, or by other significant act or allusion raise the question with appellant. Nowhere in this correspondence is any mention made by appellee or appellant of any agreement between them for a new lease. From the tenor of their letters, it may fairly be inferred that neither party understood that an agreement to lease the premises to appellee after December 31, 1906, had been made. The verdict is contrary to the clear preponderance of the evidence, and may be accounted for in whole or in part because of prejudice in the minds of the jury, excited and inflamed by the highly improper and prejudicial remarks of counsel in argument, which are shown by the record and to which exception was duly made and preserved. Upon this branch of the case we do not deem it necessary to make further comment, except to repeat what was said in Centralia v. Ayres, 133 Ill. App. 290: "It is the motive that deserves rebuke and where it is seen that the intended effect of improper remarks is to excite the passions or prejudice of the jury, neither the attorney nor his client may complain if the verdict is set aside for that reason alone."

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*