## Mary Lusch, Appellee, v. The Village of Odin, Appellant.

1. STREETS AND ALLEYS—*when alleged negligence of city question for jury.* If an obstruction in a public street is dangerous and has existed for some period of time, it is a question for the jury as to whether or not a reasonable inspection would have relieved the dangerous condition.

2. STREETS AND ALLEYS—*when city liable for condition of walk.* If a sidewalk is constructed by a private individual by permission of a city, by adoption and by contract it becomes the city's sidewalk and it is chargeable with notice of all defects in construction as well as those that could be discovered by reasonable inspection.

3. STREETS AND ALLEYS—*what constitutes sidewalk*. A sidewalk is none the less a sidewalk within the meaning of the law if constructed of cinders. A sidewalk is a sidewalk whether constructed of cinders, plank, stone, concrete, or of any or all of them combined, if built in a public street.

4. STREETS AND ALLEYS—*duty of city with respect to*. It is the duty of a city or village to use reasonable care to keep a sidewalk in reasonably safe repair for the use of pedestrians using ordinary care for their safety, although in the extreme limits of the city or village, whether built by residents of the street or otherwise.

Action in case for personal injuries. Appeal from the Circuit Court of Marion county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910.

KAGY & VANDERVORT, for appellant.

NOLEMAN & SMITH and W. F. BUNDY, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Judgment was rendered below in favor of appellee against appellant in the sum of $1,100 for personal injuries received by her on a sidewalk on one of its public streets, as the result of a fall June 19, 1908. The declaration charges that appellant negligently permitted said walk on the north side of Kirkwood street in said village, to be constructed of cinders, rubbish, tin cans and metal buckets, so that the cans, metal buckets, etc., were exposed and extended above the surface of said walk when the cinders settled; and that they so continued for six months and thereby became and continued to be dangerous to pedestrians traveling the same, etc., whereby the plaintiff was tripped while traveling thereon with all due care, etc. Two verdicts were rendered in favor of appellee, the first being for $1,000. The evidence discloses that this walk is in the outskirts of Odin, a small village, and that it was built by the residents on the north side of this street by excavating the dirt in the walk-way down to the hard-pan, and then filling in with cinders and rubbish mak-

ing a walk about four or four and one-half feet wide, using the dirt so taken to fill their front yards. The village had never improved this street by their own work, except to grade it in the center, and leave a space on each side of about seven feet for walk-ways for pedestrians; but some of the aldermen of the city knew the street was being so improved; and the city had ample constructive notice of it, as it had been built six months or a year or more prior to this injury. The Baltimore & Ohio R. R. Company's right of way joins this street on the south and runs parallel with it; and therefore there are no houses on the south side of this street there, but there were some four or five houses on the north side close to the place of the injury. The walk from the point of the defect complained of runs east about sixty feet over some loose plank used by pedestrians and then a short distance further as a cinder walk, and thence it extends still eastward to the center of the village as a stone or concrete sidewalk. The plaintiff was injured just west of the ends of the loose plank where a furrow had been plowed from the lots south across this walk. One Smith, the owner of the lot at the point complained of, constructed this walk as aforesaid and filled up the furrow and excavation for the walk with tin cans, a coal scuttle and other rubbish, covering them with cinders. The rains and the settling and washing of the cinders had bared the old scuttle and other rubbish thus buried and the bail or handle of the scuttle, for six weeks or more, had been protruding from two to four inches above the surface of the walk near the center and to the south side of the walk there. The evidence further shows that the plaintiff had passed west there from her home to a neighbor's on this street; and that, as she returned walking pretty rapidly but with reasonable care, she caught her foot in the handle of the scuttle; and, as the scuttle was firmly buried in the walk, she was thereby thrown violently on the ground and her left

wrist thereby broken, and she was otherwise bruised and injured.

The appellant contends that the defect or danger in the street was a latent one, and that the city had no actual notice of it, and would not have discovered the same by an ordinary and reasonable inspection. It is not contended that such an inspection was made by it. In fact the evidence discloses that no attention at all had ever been given to this street at the point in question by the village. It is even insisted by the appellant that there was no duty on it to care for such a place as they did not make the sidewalk, and because it was in the extreme limits of the city where few people traveled. We think under the evidence that it was a question for the jury to determine as to whether or not a reasonable inspection would have revealed the defect. It was certainly a dangerous obstruction and was made prominent by its position in the walk in the midst of tin cans and other such rubbish bared and making a very rugged surface; and one that, if discovered, would have caused any reasonable person to foresee that injury would most probably result from it. Mary Tadlock and Thomas Stader both testify that some six weeks prior to this injury they were tripped by this same obstacle while walking by there; and Mrs. Tadlock testifies that she would have fallen if her daughter had not had hold of her, in which she is corroborated by her daughter. Mr. Smith, one of the parties who built this walk, says he got permission to use the dirt from the village board on the condition that he would fill in with cinders and make the cinder walk; and he is the party who buried the scuttle there that caused the injury, and knew it was there and saw it afterwards when the bail protruded. If this is true then by adoption and by contract it was the village's walk and they were chargeable with notice of all defects in construction, as well as those that could be discovered by reasonable inspection. Neither is there anything sound, we think, in the claim that it

was not a sidewalk because constructed of cinders. It was a sidewalk no matter whether constructed of cinders, plank, stone, concrete, or of any or all of them combined. It was built on the side of the street, the proper place for a sidewalk, was built for a sidewalk and was a sidewalk. And in any even it was the duty of the village to use reasonable care to keep it in reasonably safe repair for the use of pedestrians using ordinary care for their safety, although in the extreme limits of the village, whether built by residents of the street or otherwise. Graham v. City of Rockford, 238 Ill. 214; City of Centralia v. Ayers, 133 Ill. App. 290; City of Flora v. Naney, 136 Ill. 45; Town of Normal v. Bright, 223 Ill. 99.

While a city or village is not an insurer of safety to pedestrians on its sidewalks and is not liable for slight defects trivial in their nature, or for hidden or latent dangers of which it has no actual notice and not discoverable by reasonable care, yet we think the jury were warranted in finding the defendant guilty of the negligence charged, and that the appellee was injured while exercising reasonable care for her own safety. We have examined all the other errors assigned, and find that they are not tenable. The notice to the village was properly admitted in evidence and the court did not err in charging the jury in the instructions complained of, modified and given, or in refusing the one not given for appellant. The question of the amount of damages recoverable was one for the jury also, and the evidence supports them in their findings.

Finding no reversible error in this record the judgment of the lower court is affirmed.

*Affirmed.*