## Edith Franz, Appellee, v. St. Louis, Springfield & Peoria Railroad ,Appellant.

1. DAMAGES, § 32*—*when instruction is erroneous.* An instruction evidently based on the mistaken theory that plaintiff could recover what her husband had expended in and about curing her was erroneous.

2. RAILROADS, § 780*—*when instruction as to contributory negligence is erroneous.* An instruction requiring the exercise of due care "at'the time and place named in the declaration," which would be while appellee was "riding in said automobile across said railroad at the said crossing on the public street," did not require the exercise of ordinary care at and immediately before the accident, where there was no evidence tending to show a collision while the automobile was crossing the track.

3. INSTRUCTIONS, § 89*—*when instruction as to preponderance of evidence is erroneous.* In a collision case in which more witnesses testified for defendant than for plaintiff on disputed points, and the number of witnesses therefore became an important factor, an instruction given for plaintiff on the question of the preponderance of the evidence was improper, which eliminated the question of the number of the witnesses by words used in the first part and then omitted it from an enumeration of the things the jury were told they should take into consideration.

4. APPEAL AND ERROR, § 438*—*when objection must be made because of variance.* The question of variance between the allegations of the declaration and the evidence offered in support of it cannot be raised for the first time in the Appellate Court.

Appeal from the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1920. Reversed and remanded. Opinion filed October 27, 1920.

GRAHAM & GRAHAM, for appellant; GEORGE W. BURTON, of counsel.

WILLIAM E. FAIN, for appellee.

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appellee brought this action for personal injuries, in the circuit court of Sangamon county, against appellant and recovered a judgment for $3,300.

The injuries were the result of a collision between an automobile being driven by appellee's husband, in which she was riding, and an interurban train of appellant at Virden, Illinois.

On the trial of the case the court erroneously permitted a physician to testify that he removed appellee's breast without proof that there was a necessity for so doing due to an injury received at the time of the accident. The physician testified that the breast was diseased but that the causing factor was problematical; that he did not know whether it was due to trauma or not and that he could not swear it was due to the injury.

The court instructed the jury that if they found for appellee, then in determining the amount of damages she was entitled to recover, they should take into consideration, among other elements recited, such sum or sums of money as she had paid or become liable for, if any, for nursing and medical services because of said injuries.

In order to recover for nursing or medical services appellee must prove that such services were made necessary because of the injuries inflicted by appellant; that she paid or became liable to pay specific amounts, and that such amounts were the usual and reasonable charges for services of that nature. (*Schmitt v. Kurrus*, 234 Ill. 578, 581; *Amann v. Chicago Consol. Traction Co.*, 243 Ill. 263, 266.) Her attending physician testified that he was paid $275 for three operations (one of which would be the removal of the breast), but does not say by whom the payment was made. The husband of appellee testified that he paid between $1,100 and $1,200 in and about curing his wife but there is no evidence showing that she paid or became liable to pay anything for nursing or medical

services. This instruction was evidently given on the mistaken basis that appellee could recover what her husband had expended. Such is not the law, and the instruction should not have been given. *City of Centralia v. Ayres,* 133 Ill. App. 290, 294.

The third instruction, given at the instance of appellee, does not require the exercise of ordinary care at and immediately before the accident, but "at the time and place named in the declaration," which would be while appellee was "riding in said automobile across said railroad at the said crossing on the public street."

In *Bale v. Chicago Junction Ry. Co.,* 259 Ill. 476, 480-481, it is said: "The first count of the declaration charged that the defendant propelled certain of its rolling stock upon and over the person of the deceased, 'who was then and there present upon the said public highway of Wallace street and in the exercise of reasonable care for his own safety.' The averment of reasonable care in this count was limited to the time when the deceased was in the place where he was struck by the train, while the contention of the plaintiff in error was that he was guilty of negligence in placing himself in that position when he saw or by the exercise of reasonable care could have seen the approaching train and avoided placing himself in a position of danger. The instruction did not cover the care of the deceased in going into the dangerous place, but only his care after he had gone there, and was therefore erroneous. *Krieger v. Aurora, E. & C. R. Co.,* 242 Ill. 544." In *North Chicago St. R. Co. v. Cossar,* 203 Ill. 608, 613, it is said: "In personal injury cases it has been repeatedly held by this court that it is improper to give an instruction which limits the question of due care to the conduct of the plaintiff at the time of the injury, regardless of his conduct in placing himself in a place of danger." See also *Chicago, M. & St. P. Ry. Co. v. Halsey,* 133 Ill. 248, 254.

This instruction should not have been given even if

the accident had occurred at the place designated in the declaration, but there is absolutely no evidence tending to show a collision while the automobile was crossing the track. The automobile did not reach the track, but before doing so was turned south, the direction from which the train was coming, and the first step of the second car in the train and the radiator and left front wheel of the automobile came in contact, either by the automobile running into the train, as contended by appellant, or by the train striking the automobile, as insisted by appellee.

The court, on behalf of appellee, gave an instruction upon the preponderance of the evidence, in which the jury were told that the preponderance of the evidence "is not necessarily governed by the greater number of witnesses, but you should take into consideration the means of knowledge of such witnesses, their conduct and demeanor in testifying, their interest or lack of interest, if any, in the suit, the probability or improbability of their statements, and the facts and circumstances shown on the trial which might go to determine the weight of their testimony."

Appellee and one witness testified that the automobile had stopped and that a step of one of the interurban cars hit it. Appellant called five witnesses, who, in addition to three called by appellee, testified that the automobile hit the interurban car.

One of the disputed points in the case was whether or not the servants of appellant gave any warning of the approach of its train to the place of the accident. Appellant called more witnesses who testified that such a warning was given than did appellee to show the contrary.

The burden of proof was on appellee to establish the fact that no warning was given, and the number of witnesses testifying in reference to it was an important factor, on the part of appellant, to be taken into consideration in determining whether or not appellee had

done so. This instruction, which eliminates the question of the number of witnesses by words used in the first part of it and then omits it from an enumeration of the things the jury were told they should take into consideration, ought not to have been given. *Lyons v. Joseph T. Ryerson & Son,* 242 Ill. 409, 417, and *Chicago Union Traction Co. v. Hampe,* 228 Ill. 346, 350.

Appellant cannot raise, for the first time in this court, a question of variance between the allegations of the declaration and the evidence offered in support of it. Such objection should be made at the time the evidence is offered otherwise it is waived. *Chicago City Ry. Co. v. McClain,* 211 Ill. 589, 595; *Lake Shore & M. S. Ry. Co. v. Ward,* 135 Ill. 511, and *Illinois Steel Co. v. Novok,* 184 Ill. 501.

For the errors above indicated the judgment of the trial court is reversed and this cause remanded.

*Reversed and remanded.*