**Oral S. Arnett, Appellee, v. City of Roodhouse, Appellant.**

**Gen. No. 9,526.**

Opinion filed February 24, 1947. Released for publication March 24, 1947.

W. O. HARP, of Roodhouse and L. A. MEHRHOFF, of Carrollton, for appellant.

GILBERT K. HUTCHENS, of Carrollton, for appellee.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

The plaintiff appellee, Oral S. Arnett, while walking on a public sidewalk on one of the main public streets in the City of Roodhouse, stepped on the iron lid of a coal hole. As he did so, the lid tilted and his left leg fell into the hole. He brought this action in the circuit court against the city to recover for the injuries he sustained. A judgment for $1,000 was en-

tered for the plaintiff based on the verdict of a jury. The defendant appeals.

While it is stated in defendant's printed brief and argument "that the court erred in giving instructions numbered . . . on behalf of the plaintiff"; and "that the proof as to damages was insufficient to sustain the verdict," this is the only argument on or mention made therein of the propriety of the instructions or on the question of damages. This mere assertion does not require our passing on the propriety of the instructions or the question of damages.

At the conclusion of all of the evidence the defendant presented a written motion asking that the jury be instructed to find the defendant not guilty. The court denied said motion and refused to give said instruction. After the return of the verdict, the defendant moved for a judgment for defendant notwithstanding the verdict, which motion was also denied.

The plaintiff testified that on June 23, 1945, about 5:30 p. m. he fell into the hole; that the hole "had a covering on top of it that would remind you of the bottom part of a saucer and when I stepped on this coal hole it tilted up and I went down in this coal hole nearly up to the hip with left leg. . . . The coal hole was approximately four inches from the wall of the building and approximately 19 to 20 inches across," and ". . . in all of my trips up and down this street I have never seen the manhole open."

Alvin May saw the plaintiff fall into the hole. May testified that the hole was about four inches from the wall of the building and about 24 to 28 inches across. Charles Pierret saw the plaintiff "just step" on the lid and it "just slipped over" and plaintiff went in.

Harry Rawlins, a witness for defendant, testified that he owned the adjoining property from 1922 to 1945, that in 1922 he caused the hole to be made, "that the inner edge of the hole is probably 2 or 4 inches from the wall of the . . . building, the opening

is about 22 to 20 inches, the hole was constructed by cutting an opening in the wall below the level of the sidewalk approximately two feet square, then an excavation was made below the sidewalk approximately two feet square, and then a cast iron ring with a flange fit in the opening in the sidewalk, and at the top of that cast iron ring was a cast iron lid over it that closed it; the lid was fastened over the iron ring by a bolt about eight inches long, which is attached to the lid and run through a steel bar, that is the bottom of the bolt; under that was a good solid nut that was supposed to be kept tight, and the bar rigid in the concrete on either side and held it firmly.'' He further testified that the last time he inspected the hole was possibly a short while before he sold the property, and that at that time it was in perfect condition; that the lid was made of cast or malleable iron and was heavy and would not show appreciable wear, and in March before the accident it seemed to be in perfect condition.

The evidence shows or tends to show that no inspection of the hole or cover was ever made by any of the city authorities, and that no complaint as to the structure or condition of the hole or cover was ever made to such authorities.

The foregoing is a fair statement of all of the evidence most favorable to the plaintiff on the question of the defendant's liability.

The specific negligence charged was that the city carelessly and negligently permitted the sidewalk to become and be in a condition unsuited to the needs of pedestrians, and carelessly and negligently permitted an iron coal hole lid with a beveled top to be loose and ill adjusted over the hole which it covered, and that the city had notice or knowledge, or by the exercise of proper care should have had notice and knowledge, of the existence of said defect in said sidewalk for a long time prior to the grievances complained of.

██ Before the defendant could be held liable it was necessary that there be some evidence showing or tending to show that there was a defect in the hole or cover, or in the adjustment of the cover, and that the defendant had actual or constructive notice of the alleged unsafe condition. (*Boender v. City of Harvey,* 251 Ill. 228.)

██ It is our opinion that the evidence most favorable to the plaintiff does not show or tend to show that there was any defect whatever in the construction or physical condition of the hole or cover, but merely shows or tends to show that for some unexplained reason the cover was tilted or loose at the time the plaintiff stepped thereon, so that it tilted and caused the defendant to fall in the hole. As a matter of fact the structural condition of such hole and cover may have been perfect and yet the cover may have been loosened but a few moments before the accident by some child or adult for some unexplained reason. While the evidence does show "ill adjustment" of the cover at the time of the accident, there is no evidence showing or tending to show any notice or knowledge, actual or constructive, on the part of defendant of such improper adjustment of the cover.

It is our opinion that the evidence fails to show any actionable negligence or liability whatever on the part of the defendant.

It is therefore ordered that the judgment of the trial court be and the same is reversed.

*Judgment reversed.*