(No. 5107— )

BERDINA BUGLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 16, 1967.*

RYAN AND HELLER, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

DOVE, J.

This is an action brought by claimant, Berdina Bugle, against respondent, State of Illinois, to recover damages for personal injuries, which claimant sustained on August 18, 1962 when she slipped and fell in a ladies restroom at the Illinois State Fairgrounds, Springfield, Illinois.

The facts concerning the happening of the accident, as shown by the evidence, are as follows: On August 18, 1962, claimant attended the Illinois State Fair at Springfield, Illinois with her sister, Mrs. Ann Huckaba, and her sister's two young children. The group arrived at the Fairgrounds at about 11:30 A.M. This was a

clear, warm summer day, and claimant was wearing a light summer dress and flat-heeled shoes.

Upon arrival at the Fairgrounds, claimant and her sister entered the restroom where claimant fell later the same day. While in the restroom they noticed that the first or second stool from the door was running over, and that a small puddle of water was forming in the area of the stool. The remainder of the restroom floor was dry at that time, and the restroom was well lighted by sunlight.

At approximately 8:00 P.M. the same day, claimant, her sister, and the children started back to their car. On the way back to their car claimant again entered the same restroom she had visited earlier that day. No lights had been turned on in the restroom, and claimant described the restroom as "dark". Claimant took three or four steps into the restroom when her feet slipped, and she fell on her left elbow. While lying on the floor, claimant noticed that the floor surrounding her was wet, causing her clothes and arm to become wet. No one was in the restroom other than claimant at the time of the accident, and claimant testified that she heard a stool running over.

Claimant became nauseated, and was unable to get up on her feet. She pulled herself over to the door of the restroom where two girls helped her outside. At this point Mrs. Huckaba arrived on the scene, and took claimant to a Red Cross station on the Fairgrounds where she was treated, and given a pain pill. Claimant, her sister, and the children then returned home in Mrs. Huckaba's car.

Claimant was examined on August 19, 1962 by Dr. Joseph R. Mallory in Mattoon, Illinois. On August 20,

1962, her left arm was x-rayed revealing a fractured radius head with displacement. Dr. Edward N. Zinschlag surgically excised the head of the left radius at the Mattoon Memorial Hospital. The injury and subsequent operation left claimant with a permanent disability in the function of her left arm. Claimant brings this action against the State of Illinois for the injury and disability suffered by her as a result of the fall.

It is clear from the evidence and circumstances in this case that claimant, while attending the Illinois State Fair at Springfield, Illinois, was an invitee of respondent. A person who is on the premises of another by invitation, express or implied, of the owner, has the legal status of an invitee. A business owner's duty toward a customer as an invitee is to exercise reasonable care to discover defects or dangerous conditions on the premises, and a business owner is liable for injuries resulting from a condition, which he could have discovered in the exercise of reasonable care. *McGourty* vs. *Chiapetti*, 38 Ill. App. 2d 165, 186 N.E. 2d 102 (1962); *Ellguth* vs. *Blackstone Hotel, Inc.,* 340 Ill. App. 587, 92 N.E. 2d 502 (1950); *Jones* vs. *20 N. Wacker Drive Bldg. Corp., et al,* 332 Ill. App. 382, 75 N.E. 2d 400 (1947). Claimant went upon the Fairgrounds to attend the Illinois State Fair at the express invitation of respondent.

An invitation to transact business extends to any portion of the premises, which the owner may reasonably anticipate the invitee to use in connection with the conduct of the business on the premises. *McGourty* vs. *Chiapetti*, 38 Ill. App. 2d 165, 186 N.E. 2d 102 (1962); *Ellguth* vs. *Blackstone Hotel, Inc.,* 340 Ill. App. 587, 92 N.E. 2d 502 (1950). Clearly the use of the public restroom in question, located on the Fairgrounds, by claim-

ant was within the scope of the invitation extended to claimant by respondent.

Respondent argues that claimant has failed to show that respondent had actual or constructive notice of the wet condition of the restroom floor, which caused such floor to become slippery. Respondent contends that in the absence of notice it cannot be held liable for claimant's injuries citing *Arnett* vs. *City of Roodhouse,* 330 Ill. App. 524, 71 N.E. 2d 849 (1947), and *Weygandt* vs. *State of Illinois,* 22 C.C.R. 478 (1957). Respondent contends that claimant has failed to show that the water on the floor of the restroom where claimant fell was from the same toilet, which claimant had observed overflowing at 11:30 A.M. that same day, and that, therefore, there is no showing that respondent should be charged with constructive notice of the dangerous condition of the floor by reason of the duration of the dangerous condition.

There is no hard and fast rule in determining when it can be said that the State had constructive notice of a dangerous condition, and each case must be decided on its own particular facts. *Brown* vs. *State of Illinois,* 22 C.C.R. 231 (1956). Respondent has failed to present any proof that the wet slippery condition of the floor in the restroom did not result from the overflowing toilet observed by claimant earlier in the day. Respondent failed to present any proof that the restroom had been inspected by an employee of respondent at any time during the day in question.

It is the opinion of this Court that, from the evidence of claimant that a toilet was overflowing at 11:30 A.M., that a toilet was overflowing again at 8:00 P.M., and that the floor of the restroom was wet and slippery at 8:00 P.M., a reasonable inference can and must be

drawn that the toilet overflowed continually, or at least a substantial period of time from 11:30 A.M. to 8:00 PM., causing the condition of the floor to be dangerous. It is the further opinion of this Court that such a condition existed for a sufficient period of time that respondent should, in the ordinary exercise of care, have been aware of the dangerous condition of the floor, and should, therefore, be charged with constructive notice of the dangerous condition of the floor in the restroom existing at the time claimant fell.

Claimant cannot be held to have assumed the risk of a wet slippery floor in the restroom at 8:00 P.M. because she was aware of an overflowing toilet in the same restroom at 11:30 A.M. the same day. The evidence indicates that at 11:30 A.M. only a small portion of the floor immediately surrounding the overflowing toilet was wet. Respondent's failure to adequately light the restroom was an important factor contributing to claimant's unawareness of the dangerous condition of the restroom floor. Claimant cannot be said to have assumed a risk of which she had no knowledge. Claimant was not negligent in assuming that respondent would perform the duty owed claimant to maintain the restroom in a safe condition.

It is the opinion of this Court that respondent was negligent in failing to adequately light the restroom, and in permitting the floor in the restroom to become wet and slippery, thereby causing claimant to fall and injure herself. Respondent, in the exercise of reasonable care, should have discovered the dangerous condition of the floor in the restroom. The evidence in this case indicates that respondent has failed to comply with its duty to exercise reasonable care to discover the dangerous

178

condition of the floor existing in the restroom in question. It is the opinion of this Court that claimant is entitled to an award in the amount of $5,000.00.

Based upon the medical findings submitted, the nature and extent of the injuries of claimant, an award is hereby made in the sum of $5,000.00.