PER CURIAM.

(No. 5751—Claim )

VICTORIA SEVERE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 3, 1973.*

STEINBERG AND BURTKER, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

BURKS, J.

In this action, claimant seeks damages for personal injuries she allegedly sustained when she tripped in a hole in the pavement located approximately three feet south of the curb at the northeast corner of the intersection of North Avenue and Wolf Road in the Village of Northlake. Claimant's accidental fall occurred at approximately 4:00 p.m. on Saturday, July 12, 1969.

Claimant testified that she and a companion, Agnes Davis, arrived at this location by a bus a few minutes before 4:00 p.m. on the day of her accident. They disembarked from the bus in the immediate vicinity of the hole in question. Claimant said that neither she nor Mrs. Davis had ever been in this area prior to the date of her accident. Mrs. Davis saw the hole in question as she got off of the bus. Claimant testified that, prior to her fall, she saw a hole next to the hole in which she tripped. Claimant started to cross North Avenue, she said, from a broken curb which she saw two steps from the hole.

Claimant testified that, as she began to cross the road, the stop light suddenly changed from green to red. Claimant then backed towards the curb rather than turning to retrace her steps, even though she knew that a hole and broken curb were behind her. As claimant backed to the curb her foot went into a hole causing her to fall. According to the claimant, the hole was less than a foot long and "not very wide". It was a sunny day. Claimant's vision was clear and unobstructed at all times. It also appears from the record that claimant did not attempt to cross North Avenue in a crosswalk.

Claimant was unemployed at the time of the accident. Her total medical expenses and damages were $493.10 of which $376.60 was paid by insurance. Her verified complaint asks for damages against the respondent in the amount of $25,000.

The court feels that this claim must be denied for two reasons: [1] claimant failed to prove negligence on the part of the respondent; and [2] failed to prove that she was free from contributory negligence.

[1] The legal principle that the state is not an insurer of those traveling on its highways is well settled. *Weygandt* v. *State of Illinois*, 22 C.C.R. 478; *Kavalauskas* v. *State of Illinois*, 24 C.C.R. 361; *LaBoda, et al* v. *State of Illinois*, 24 C.C.R. 172; *Arnett* v. *City of Roodhouse*, 330 Ill.App. 524; *Davis* v. *City of Chicago*, 8 Ill.App.3d 94 (1972).

The record in the case at bar does not support a finding that the state was negligent in failing to repair this particular defect in its pavement within a reasonable time after having actual or constructive notice of its existence.

We find nothing in the record here to indicate just how long the hole in the pavement had existed prior to claimant's accident. Claimant refers to photographic exhibits which seem to indicate that the hole in the pavement had been there for some time before her accident, and cites *Visco* v. *State of Illinois*, 21 C.C.R. 480, in support of her contention that, if the duration of the defect exceeded one week, the State had constructive notice and was, therefore, negligent. This conclusion of fact and law is not substantiated by the evidence. In *Visco* we ruled that the state had constructive notice because of the enormous size of the hole involved in that case, *plus* the independent testimony of two disinterested witnesses who stated that the hole had existed for at least one week prior to the accident. The hole in the *Visco* case measured 18″ wide, 30″ long and 10″ deep. In the instant cause, claimant's own testimony revealed that the hole was less than a foot long and "not very wide".

Hence, we find that the authority of *Visco* does not substantiate claimant's contention that constructive notice can be proven by photographs or mere speculation, unsupported by factual evidence. Nor did we hold in *Visco* that the state's failure to repair any type of hole in the road within one week of constructive notice constitutes negligence per se. As to what constitutes reasonable notice of a serious highway defect, (there a downed stop sign) see our lengthy discussion in *Pyle* v. *State*, C.C. No. 5343 filed November 18, 1973.

[2] A sufficient reason for denying recovery to claimant is that she was not free of contributory negligence. Claimant testified that she knew of the existence of a hole and broken curb a few minutes prior to her fall. She further stated that, as she crossed the street, the stop light changed suddenly. She then backed toward the curb, a place of known danger, rather than turn around to see where she was walking. Claimant testified that her vision was at all times clear and unobstructed.

To approach a place of known danger without care commensurate with such danger is contributory negligence. *Doolittle* v. *State of Illinois*, 21 C.C.R. 113; *Mount* v. *State of Illinois*, 20 C.C.R. 268. Claimant calls the court's attention to its decision in *Courtney* v. *State of Illinois*, 19 C.C.R. 210, as supporting the proposition that a pedestrian using a sidewalk or roadway need not keep his eyes on the pavement to search out defects and dangers. The *Courtney* decision is clearly distinguished from the instant cause in that it involved a child of the age of nine who fell as a result of a defect in a sidewalk. The opinion in that case strictly limited its application to sidewalk defects, and not roadways, as claimant contends. Further, in *Hammer* v. *State of Illinois*, 22 C.C.R.

221, the court discussed the *Courtney* decision at page 225:

"While it is true that claimant could assume that a sidewalk was in a reasonably safe condition, and was not required to search out hidden defects, the fact remains that, if claimant was actually aware of a dangerous condition, she could no longer indulge in a presumption, or assume that the walk was in a reasonably safe condition."

In *Hammer* this court denied recovery to the pedestrian who stepped into a large hole located in a crosswalk because the claimant knew of the hole prior to her fall. As we said at page 226: "Her indifference to a known danger negates her claim to freedom from contributory negligence". See also, *Graham* v. *City of Rockford*, 238 Ill. 214; *Callen* v. *State of Illinois*, 23 C.C.R. 11; *Thriege* v. *State of Illinois*, 24 C.C.R. 470. The court finds that the facts here reveal that claimant has not proved that she exercised due care and caution. Contributory negligence, which under Illinois law, bars any recovery for injuries sustained. *Maki* v. *Frelk* (1968) 40 Ill.2d 193.

This claim is hereby denied.